## No. 2542.

### CHARLES MEDIS AND ED HILL *v.* THE STATE.

1. JOINT OFFENDERS—CASES APPROVED—A VERDICT against joint offenders on a joint trial, to be valid, must assess a separate penalty against each offender. Flynn v. The State, 8 Texas Ct. App., 389, and Matlock et al. v. The State, 25 Id., 716, and Cunningham v. The State, 26 Id., 83, approved.

2. SODOMY — ACCOMPLICE TESTIMONY — CHARGE OF THE COURT.—The rule that, in rape cases, requires that if the other proof in the case tends to raise the issue of the female's consent to the carnal act, she becomes so far an accomplice that, in order to warrant a conviction based upon her testimony, she must be corroborated, applies to sodomy cases; and if the evidence tends to show the consent of the prosecuting witness to the act of beastiality committed upon him, he must be corroborated. The proof in this case tends strongly to show the consent of the alleged injured party, who, upon the main issue, was the State's principal witness; and in failing to instruct the jury with regard to the corroboration of an accomplice, the trial court erred.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. Gustave Cook.

The conviction was for sodomy, alleged to have been committed upon one Milton Werner. The verdict reads as follows: "We, the jury, find Chas. Medis and Ed Hill guilty as charged

---

---

of sodomy, and assess the punishment at ten years confine-
ment in the penitentiary."

The details of the transaction involved in this prosecution
are too foul and disgusting to be recorded even in a report of
judicial proceedings. It is enough for the purpose of this re-
port to observe that the prosecuting witness Werner was the
only witness who testified to the fact of the penetration of his
person by each of the appellants, or who inculpated Hill in the
actual performance of the revolting act. Two other witnesses,
however, testified that they discovered the appellant Medis
and the State's witness Werner in flagrante delicto, with the
appellant Hill lying within six feet of them, reading a news-
paper. After watching the parties a few minutes they entered
the room, and the parties separated. Medis first denied and
then admitted the beastial act. About the time they discov-
ered the parties, they heard the prosecuting witness say that
he was to be served next. They stated further that when they
charged the parties with the act of sodomy, the prosecuting
witness answered that he "did not care a d—n."

*McLemore & Campbell* and *S. T. Fontaine,* for the appel-
lants.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE   The appellants were jointly indicted, tried
and convicted of sodomy, the verdict of the jury being: "We,
the jury, find Charles Medis and Ed Hill guilty as charged, of
sodomy, and assess the punishment at ten years confinement
in the penitentiary."

Appellants contend by their counsel that this is not a good
or legal verdict. This proposition is now well settled in favor
of appellants. (Flynn et al. v. The State, 8 Texas Ct. App., 398;
Matlock et al. v. The State, 25 Texas Ct. App., 716; Cunning-
ham v. The State, 26 Texas Ct. App., 83; 4 Ark., 430; 16 Ark.,
37.)

Appellants were charged with committing the act upon one
Milton Werner. Upon the trial Werner was introduced as a
witness for the State, and his testimony was relied on for a
conviction. The court failed to give instructions to the jury
relating to the necessity of corroborating said witness—counsel
for appellants contending that Werner was consenting, and

was therefore an accomplice. Upon this subject, says Bishop: "When this offense is committed on a non consenting person who becomes a witness, it appears that his early complaint may be shown in corroboration. the same as those of the injured woman in rape. If such person had consented, he would be an accomplice whose testimony would for this reason need corroboration." (2 Crim. Law, 1018.)

Werner was evidently consenting; but if the evidence should leave this in doubt, it would then become a question for the jury, and not the court, to determine under the proper instructions, whether the person was or was not consenting, and the jury should in such a case be instructed that if they found that he was consenting, then they must find that he was corroborated.

*Reversed and remanded.*