## JESSE BYAS v. THE STATE.

### No. 1975. Decided June 21, 1899.

**1. Plea of Former Acquittal—Striking Out.**

It is competent for the court to strike out a plea of former acquittal, where the indictments show that the former acquittal was for a distinct offense from that for which the defendant is being tried.

**2. Same—Rape and Attempt to Commit Burglary to Commit Rape.**

A former acquittal for attempt to commit rape is not a bar to a subsequent prosecution for an attempt to commit burglary for the purpose of committing rape, although it was the same transaction; because the party attempting the burglary must commit that offense before he can commit the ulterior crime of attempt to commit or assault to commit rape. The two offenses are separate and distinct, as much so as are burglary and theft.

**3. Attempt to Commit Burglary—Charge as to Alibi.**

On a trial for attempt to commit burglary for the purpose of committing rape, where the only proof of alibi was the defendant's denial that he was at the place where the offense was committed, Held, a distinct charge upon alibi was not required, and the general charge to acquit if the jury had a reasonable doubt that defendant did, by force, attempt to enter the house, etc., in connection with a further general charge upon reasonable doubt, was sufficient.

APPEAL from the District Court of Tarrant. Tried below before Hon. J. W. PATTERSON, Judge Forty-third Judicial District, on exchange with Hon. IRBY DUNKLIN.

Appeal from a conviction of attempt to commit burglary with intent to rape; penalty, two years imprisonment in the penitentiary.

· The indictment in this case charged appellant, in two counts, first, with burglary with intent to commit rape upon Ella Garrett; and second, for attempt to commit burglary with intent to commit rape upon Ella Garrett. The second count was alone submitted, and the conviction was had upon that count.

Defendant pleaded former acquittal under an indictment which charged him with assault with intent to commit rape upon Ella Garrett, and with an attempt to commit rape upon Ella· Garrett. He

alleged that the two indictments were for offenses growing out of the same transaction, that the evidence in the former case was the same as in this, and that his prior acquittal was a bar to this prosecution. On motion of the prosecuting attorney, the plea of former acquittal was stricken out by the court.

A further statement of the case is not deemed necessary.

*O. S. Lattimore*, for appellant.—The court erred in failing and refusing to submit defendant's plea of former acquittal to the jury. The test to be applied was, would the evidence necessary to a conviction or acquittal in the second case have obtained an acquittal or sustained a conviction in the former case? Are the two transactions such that the proof would have supported a conviction in the former case which was adduced in the latter? Thomas v. State, 40 Texas, 36; Low v. State, 4 Texas Crim. App., 34; Irvin v. State, 7 Texas Crim. App., 78; Simco v. State, 9 Texas Crim. App., 338; Hirshfield v. State, 11 Texas Crim. App., 207.

If the plea be sufficient in form, the truth of the same is matter for the jury. McCulloch v. State, 34 S. W. Rep., 753.

The matter presents itself so plainly to me as to hardly need argument, that an attempt to rape covering everything which can be done by a defendant after conceiving the intent to rape, evidencing that intention, and in an effort to carry such intent into execution; and it being also a self-evident proposition that if a man on the outside of a house conceive the intent to rape a woman who is in the house, and try to get at her, and try to break into the house, and by words and acts then done shows his intent to rape the woman when he shall succeed in effecting an entry, he is guilty of an attempt to rape; and it being conceded by the State that in this case such proof was adduced upon the trial for attempt to rape, and a verdict of "not guilty" rendered, and that the same proof is now here adduced, and a conviction sought and obtained for an attempt to commit burglary with intent to commit rape, the conclusion is inevitable that this appellant has been tried once before upon a valid indictment, and all the same proof adduced as now, and that if the jury had believed such proof to be true upon the former trial they must have needs convicted him, there being, as far as the quantum of proof is concerned, as much evidence to sustain a conviction for an attempt to rape as there is to sustain one for attempt to commit burglary with intent to commit rape.

For the sake of this argument, concede that there existed an intent to commit rape, which is an indispensable ingredient in both attempt to rape and attempt to commit burglary with intent to rape; then, intent being established, we would next naturally inquire, if looking into an attempt to rape case, what was done by the defendant showing or establishing his effort to accomplish the crime of rape; and if told that the party, seeing the intended victim through a window, made

strenuous efforts to get at her, avowing as an accompaniment to his efforts his intent, and was only prevented from the accomplishment of his design by the intervention of outside circumstances, what then can a jury say, upon full proof, but "not guilty?" Can we now turn around and say that when he tried to break into the house, having in his mind that indispensable intent, he was not attempting to rape her, and we will try him for attempting to break into the house with such intent?

I desire to call the attention of this court to the case of Herera v. State, 34 Southwestern Reporter, 943, which, while a case of a plea of former conviction of assault to murder, still contains some observations which will fit this case. Also to the case of Huff v. Commonwealth, 42 S. W. Rep., 907, 11 Texas Crim. App., 207.

The defendant does not have to specially request the court to charge upon any phase of the case in felony matters. The court must give all the law. Bishop v. State, 43 Texas, 390; Cesure v. State, 1 Texas Crim. App., 26, and authorities cited.

The court below erred in not charging upon alibi, which was excepted to at the time, and the court in approving the bill of exceptions, says that he told counsel for defendant that if he wanted such charge given and would write it out, he would give it.

In felony cases it is the imperative duty of the court to give all the law of the case, whether asked or not. The court has no right to ask that counsel for defendant prepare the charge for him, else he will not give it.

*Rob't A. John,* Assistant Attorney-General, for the State.—The application of the law of reasonable doubt sufficiently presents the issue of alibi, and if appellant desired a more specific presentation of the defense, it was his duty to prepare a special charge requesting the court to charge same. Oxford v. State, 32 Texas Crim. Rep., 272; Davis v. State, 14 Texas Crim. App., 645; Ayres v. State, 21 Texas Crim. App., 399.

The fact that appellant excepted to the same does not, under article 723, Code of Criminal Procedure, make the error such as was calculated to injure the rights of appellant. It was included in the general charge of reasonable doubt, and the failure to charge specifically on alibi under those circumstances is harmless error. It is further submitted that his defense of alibi as shown by the record may be true, and yet appellant was the guilty party. Under such circumstances the court need not charge the defense of alibi. Parker v. State, 40 Texas Crim. Rep., 119.

It is submitted that when the court has properly applied the doctrine of reasonable doubt to the entire case, it is not error to refuse to submit it also to one or more particular phases of the case. Franklin v. State, 34 Texas Crim. Rep., 625; Courtee v. State, 33 S. W. Rep., 127.

This is not a case of an attempt to ravish an insane person or a minor under the age of consent. It is only in those cases that the indictment should allege, and the court affirmatively charge, that the jury must find the prosecutrix was not the wife of the prisoner. White's Ann. Stats., sec. 1438, and note.

It appears that appellant had been indicted for the offense of an attempt to rape upon the same transaction as that charged, and upon the same facts acquitted. By an inspection of the indictment attached to appellant's plea, it will be seen that the second count to same charging an attempt to rape was fatally defective. It sought to charge an assault but omits that word, to wit, "assault." The other count charges an assault to rape.

The rule as to jeopardy in the application of autrefois acquit is, could the appellant have been convicted upon the same facts as set forth or alleged in the second indictment? Or in other words, is the indictment for an attempt to rape susceptible of the same proof as burglary with intent to rape. Simco v. State, 9 Texas Crim. App., 338; Irvin v. State, 7 Texas Crim. App., 78.

Burglary is the completed act of an attempt to commit burglary. "Autrefois acquit is only available where the transaction is the same and the two indictments are susceptible of and must be sustained by the same proof." Wright v. State, 17 Texas Crim. App., 158. In other words, out of a certain transaction the State may carve an offense; and if conviction results the plea of autrefois acquit is perfect; but if an acquittal results, the State may carve again, provided another offense of a different type, element, and character is carved such as will require and is susceptible of different proof to sustain the same. It is submitted that the court did not err in refusing to entertain said plea. Simco v. State, 9 Texas Crim. App., 338; Schubert v. State, 21 Texas Crim. App., 551; Wright v. State, 17 Texas Crim. App., 152.

The motion to arrest because the second count is defective is not sustained by an inspection of same. It is in accordance with approved forms. White's Ann. Stats., sec. 1438, and note.

HENDERSON, JUDGE.—Appellant was convicted of an attempt to commit burglary, and his punishment assessed at two years confinement in the penitentiary.

Appellant excepted to the action of the court in striking out his plea of former acquittal. He was indicted in this case for an attempt to commit burglary. The plea of former acquittal set up an indictment in two counts,—the first charging him with an assault with intent to rape, and the second charging him with an attempt to commit rape. The plea alleged that it was one and the same transaction for which appellant was then being tried. On motion, the plea was stricken out, and appellant reserved an exception. It has been held that it was competent for the court to strike out a plea of former acquittal where the indictments show that the former acquittal was for a distinct

offense from that for which the party was being tried. Wright v. State, 37 Texas Crim. Rep., 627; Wheelock v. State (Texas Crim. App.), 38 S. W. Rep., 182. Counsel insists, however, that appellant could have been convicted under the former indictment for an attempt to commit rape, and this would be a bar. The allegation was that it was one and the same transaction, and he refers us to the case of Herera v. State, 35 Texas Criminal Reports, 607. That was a case in which the defendant had been previously convicted for an assault with intent to murder, and had served his time, and was afterwards put on trial for the same transaction on a charge of robbery. We there held that the plea of former conviction for assault with intent to murder, involving the same transaction, was a good plea in bar. But we do not believe it is applicable to this case. An attempt to rape by force, as defined by our statute, requires the same character of force as in an assault, but goes beyond mere preparation, and stops short of the assault itself. This definition was thoroughly discussed in McAdoo v. State, 35 Texas Criminal Reports, 603. Evidently an attempt to commit a rape apprehends that the party is in a situation to make an assault; that is, conceding that an attempt to commit a rape by force is sufficiently defined by the statute, and can be committed at all. An attempt at burglary for the purpose of committing rape does not apprehend that the party is in a situation to commit either an attempt to rape or an assault with intent to commit rape. The charge of an attempt to commit a burglary for the purpose of committing a rape apprehends that the party attempting the burglary must commit it before he can commit the ulterior offense. Though, on the former trial, proof may have been made of the attempted burglary, as part of the res gestae, yet if the case had stopped there, there would have been no proof of an attempt to rape, or of an assault with intent to commit a rape, because the party must make a breach of the house before he could do either. And if, on a former trial, the proof had stopped with an attempted burglary of the house, the court should have instructed an acquittal. These are as much distinct offenses as burglary and theft, or as forgery and uttering a forged instrument, and a conviction or acquittal of the one is not a bar to the prosecution of the other. The court did not err in striking out the plea.

Appellant excepted to the charge of the court because it failed to submit the question of alibi to the jury. It appears that appellant excepted to the charge of the court, as given, for the reason that it failed to charge on alibi. The court informed counsel that if he really desired such a charge, and would prepare it, the court would give it, although the court thought it doubtful whether such a charge was applicable, from the facts proved on this trial. We have examined the record carefully, and in our opinion such a distinct charge was not required. We do not understand that appellant offered any affirmative proof that he was elsewhere at the time of the alleged attempt at burglary, further than that he denied being at the place when it was

committed. He was evidently in that vicinity, according to the testimony of his own witnesses. The general charge of the court that they should acquit defendant unless they believed "from the evidence, beyond a reasonable doubt, that defendant did by force attempt to enter the house mentioned in the indictment, and that it was then and there his intention to have carnal knowledge of the said Ella Garrett by force, and without her consent," and the court's charge on reasonable doubt, we think, was sufficient. We have examined the court's charge in connection with the special requested charges, and in our opinion the charge of the court sufficiently covered all the material issues in the case, and none of the requested charges were necessary. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

[Note.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]