Ex parte Joaquín Sánchez, Petitioner.

No. 104. Argued May 1, 1933.—Decided May 9, 1933.

*E. Martínez Rivera* for petitioner.   *T. Torres Pérez, Assistant Fiscal,* for The People.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

The original jurisdiction of this Court to entertain this habeas corpus proceeding has been invoked by the petitioner. It is alleged that said petitioner resorted to the District Court of Ponce and that said court denied his petition for a writ of habeas corpus, upholding the action of the Municipal Court of Orocovis. It is further alleged that Antonio Rubero has not found sureties in order to secure his release in bond, and that an appeal would be unavailing, as, by the time such appeal is finally determined, the defendant will have served the sentence imposed on him. We wish to make it clear that this Court will not make use of its discretion to exercise the original jurisdiction conferred upon it by law, unless the circumstances be such as to make its intervention necessary. In the instant case the defendant could have furnished bail for his release when he was arrested under a warrant issued by the municipal judge. Nevertheless, it is alleged as a reason to resort to this Court that the appeal would prove unavailing, as Rubero has not found sureties for his release. We think that this is not a case justifying the intervention of this Court. We have examined the facts ap-

pearing of record, and it is our opinion that such circum-stances as would justify the intervention of this Court are not present herein. However, since we have issued the writ applied for by the petitioner we shall proceed to consider the case on its merits.

On November 17, 1932, the Municipal Judge of Orocovis issued a warrant of arrest against Antonio Rubero which reads as follows:

"To the Chief of the Insular Police, District of Orocovis.

"You are hereby commanded to arrest forthwith Antonio Rubero, and bring him before me at No. 3 Muñoz Rivera Street, to answer for the offense of attempt to commit rape with which he is charged, and notify him that I have fixed bail at $500 for his release; and thereof do not fail.

"Orocovis, P. R., Nov. 17, 1932.

(Sgd.)      J. N. Rivera Barreras,

Municipal Judge of Orocovis."

This warrant was duly served and on November 30, 1932, the defendant was released upon furnishing bail in the amount stated in the warrant of arrest.

The case was referred to the district attorney of Ponce, who remanded it to the municipal judge in whose court, according to the instructions received from the prosecuting attorney, a complaint was filed charging burglary in the second degree and not attempt to commit rape, the offense for which the defendant had been arrested. Said complaint was filed on February 13, 1933, and on the 21st of the same month the trial took place and Rubero was found guilty and sentenced to four months in jail. At the trial the defendant moved for a dismissal of the prosecution on the ground that the complaint had not been filed within sixty days after the arrest.

In accordance with section 448 of the Code of Criminal Procedure, the court, unless good cause to the contrary is shown, shall order the prosecution to be dismissed, where a person has been held to answer for a public offense, if an ac-

cusation is not filed against him within sixty days thereafter. This Court has held that these provisions of the code are mandatory, following the doctrine established by the Supreme Court of California. *People* v. *Ayala,* 19 P.R.R. 889; *Dyer* v. *Rossy,* 23 P.R.R. 718; *Ex parte Wood,* 90 Pac. 961.

The United States Circuit Court of Appeals at Boston has held that while this legislative definition is entitled to fair consideration, it was not binding on the court, which was at liberty to hold that 120 days are a period either too long or too short to be within the fair meaning of "speedy." *Gerardino et al.* v. *People of Porto Rico,* 29 F. (2d) 517.

As we have seen, Rubero was originally charged with attempt to commit rape. The municipal judge sent the case to the prosecuting attorney who remanded it to said magistrate advising that Rubero should be charged with burglary in the second degree in the municipal court, where the complaint so charging was filed and the defendant was found guilty of the latter offense. From the day of the arrest up to the time the complaint was filed in the municipal court, eighty-eight days had elapsed. As no reason has been put forth by the People to excuse the delay, we must abide by the facts appearing from the record before this Court. The acts resulting in Rubero's arrest were originally characterized as an attempt to commit rape, a felony which may be prosecuted anew after a dismissal. Subsequently, a complaint was filed against Rubero charging burglary in the second degree, a misdeameanor the dismissal of which bars a new prosecution. Essentially there is nothing in common between the attempt to commit rape and such burglary. In *Byas* v. *State,* 51 S.W. 923, the Court of Criminal Appeals of Texas held that a former acquittal of an attempt to commit rape is not a bar to a prosecution for an attempt to commit burglary with the purpose of committing rape, although the same transaction is involved. The court stated that the two offenses are dis-

tinct. We cite that case in order to emphasize the distinction established between both offenses, without it being understood that we are expressing any opinion as to the views maintained by the Texas court.

We think that the Municipal Court of Orocovis correctly interpreted the statute in denying defendant's motion to dismiss the prosecution.

The petition should be denied and the writ of habeas corpus issued on April 27, 1933, annulled, without special imposition of costs.