HERALD E. PIPKIN V. STATE.

No. 24781. May 24 1950.

*A. C. Gonzales, Jr.,* and *Ted Andress,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Jack N. Fant,* Assistant District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the crime of sodomy under an allegation that appellant used his mouth on sexual parts of David Schuster. The punishment assessed is five years in the penitentiary.

Schuster, a fourteen-year-old boy and a junior high school student was, at night, standing on a street corner waiting for a bus. Appellant, with whom he was not acquainted, walked up, engaged him in conversation, and offered to take him home. Schuster accepted the offer, accompanied appellant to his automobile, and assisted in starting the car by pushing it down the street. After riding around for a time, appellant began to fondle the boy's person, unfastened the front of his pants, and felt of his privates. As to what then happened, we quote from Schuster's direct examination, as follows:

". ... he said 'Scoot down' and I scooted down . . ."

The act of sodomy was then committed, as alleged in the indictment.

Later, appellant let Schuster out of the car near his home. Upon arriving home, Schuster communicated to his mother what had happened. Officers were notified and upon their arrival Schuster communicated to them, also, what had happened. From a description of appellant and the license number of the automobile furnished by Schuster, appellant was arrested.

Appellant, testifying as a witness in his own behalf, denied the act of sodomy attributed to him. He admitted having picked the boy up and having given him a ride home.

Other than the testimony of the mother and the officers regarding what the boy told them as to the acts and conduct of the appellant, there is no testimony corroborating Schuster.

It is insisted that Schuster was an accomplice and that, inasmuch as there was no corroboration of his testimony, the facts are insufficient to support the conviction.

It is the state's theory that Schuster was not an accomplice but if he were, his testimony was corroborated.

It was the view of the trial court that if Schuster did not consent to the act of sodomy perpetrated by appellant upon him he would not be an accomplice to that crime and a conviction could be had upon his uncorroborated testimony. Medis v. State, 27 Tex. App. 194, 11 S. W. 112.

In keeping with that view, the trial court instructed the jury that if they believed Schuster consented to the act, or if they entertained a reasonable doubt as to whether he consented to the act, they would acquit the appellant.

It is the state's position that the jury's finding of guilt in the face of such an instruction constitutes an express finding that Schuster did not consent to the act of sodomy which he says appellant committed upon him.

Giving to the charge the construction claimed, the facts must be examined to ascertain if there was any testimony whereby the jury was authorized to reach that conclusion.

Schuster's testimony, above quoted, given upon direct examination, shows that he registered no objection to appellant's

conduct and that when he was told to "scoot down," he "scooted down." There is nothing in the direct examination of the witness to suggest that he acted against his will or that he acted as the result of force, fear, or threats on the part of the appellant.

Upon cross-examination of the witness the appellant developed this feature of the case, and we find that Schuster testified as follows:

"No, sir, the man did not do anything to me to make me get into the car, or anything of that kind; he didn't pull me in or anything like that, I went in on my own will. . . .

"He unzipped my trousers and played with me, and I just sat there. No, sir, he didn't hit me or threaten me in any way, or anything like that, except that he did that to me, then the car started up again and I zipped my trousers up again. . . .

"No, sir, he didn't whip me or wollop me, or threaten me or touch me except to do that to me. No, sir, he didn't make me scoot down, or anything like that, he just said 'scoot down.' There was no force applied at all, he wanted to do it, and I just let him do it, there was no force at all."

In the light of these admissions on the part of the witness, we are constrained to hold that the jury was not warranted in finding that he did not consent to the act of sodomy, if that be the construction given to the verdict. It is not so much whether Schuster consented to the act as it is whether he objected thereto and was forced to submit to the act perpetrated upon him against his will.

All the testimony on his part shows that no force or coercion was used on him and that he apathetically entered into the act.

The conclusion is expressed that, under the facts here presented, Schuster was an accomplice and his testimony, necessarily, was required to be corroborated. The statements he made to his mother and to the officers and to others, not in the presence and hearing of the appellant, cannot be utilized to furnish the required corroboration because an accomplice cannot corroborate himself by his own declarations and statements to third persons who testify thereto. The authorities attesting the rule are numerous and will be found collated under 11 Tex. Digest, Criminal Law, Keys 511(8) and 511(9). See, also, Wallace v. State, 48 Tex. Cr. R. 318, 87 S. W. 1041; Wilson v. State,

147 Tex. Cr. R. 653, 184 S. W. 2d 141, and Curry v. State, 151 Tex. Cr. R. 102, 205 S. W. 2d 586.

Because of the failure to corroborate the testimony of the accomplice, the facts are insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the court.