PAUL ROGER GOTTSCHALK V. STATE.

No. 25712. May 7, 1952.

Hon. Jack Allen, Judge Presiding.

*Dally & Alexander* (*Jack Alexander,* of Counsel), Borger, and *E. T. Miller,* Amarillo, for appellant.

*Robert C. Galloway,* District Attorney, Borger, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under the so-called fondling statute (Art. 535d, Vernon's P. C.[1]), with punishment assessed at ten years in the penitentiary.

The conviction was predicated upon the allegation of the indictment to the effect that appellant unlawfully and with lascivious intent placed his hand upon the sex organ of Johnny Morrow, a male person under fourteen years of age.

Morrow, thirteen years of age and in the seventh grade at school, had a newspaper route. The appellant, a doctor, lived alone in the same neighborhood and was a subscriber to the paper Morrow delivered. Carl Mitchell and a number of other boys living in the community were all friends of the appellant. Mitchell introduced Morrow to the doctor at the latter's home. Thus began a friendship between appellant and Morrow, who, along with other boys, freely visited the doctor in his home, where they drank "cokes" and read comic books.

About 7:45 o'clock on the morning of June 12, 1951, after delivering his papers, Morrow stopped by appellant's home. Appellant, in his pajamas, was seated on a couch reading his paper when Morrow entered the room, took a seat by the side of appellant, and began reading a "funny book." When the boy finished reading, appellant asked him into his bedroom. At appellant's instance, Morrow lay down on the bed and appellant fondled his sex organ. The boy estimated he was in the bedroom about ten minutes, after which appellant left the house and he (Morrow) went home. Although his mother was at home, the boy made no report of the occurrence to her, and continued to visit in the home of appellant from time to time, including the Sunday afternoon before appellant's arrest on Monday, June 18, 1951. Later admitting that he knew what had happened was wrong, Morrow did not at the time make to anyone a protest or report of appellant's alleged misconduct; to his father, who repeatedly asked him relative thereto, the boy denied any such fact and also denied the specific incident upon

---

[1]"Section 1. It shall be unlawful for any person with lascivious intent to intentionally place or attempt to place his or her hand or hands upon or against a sexual part of a male or female under the age of fourteen (14) years, or to in any way or manner fondle or attempt to fondle a sexual part of a male or female under the age of fourteen (14) years, or to intentionally place or attempt to place his or her hands or any part of his hand or hands upon the breast of a female under the age of fourteen (14) years or to in any way or manner fondle or attempt to fondle the breast of a female under the age of fourteen (14) years."

which this prosecution rests. He made no admission to the peace officers of the facts to which he testified, until, according to the testimony of the sheriff, about thirty days after appellant's arrest.

There is nothing in the record suggesting that appellant's arrest was predicated upon the instant accusation or upon any information given by the prosecuting witness Morrow.

It is upon the above facts, shown only by Morrow's testimony, that this conviction rests.

Witness Morrow is not corroborated as to any material fact. So far as this record is concerned, he was never seen in the home of appellant at any time by anyone.

It is insisted that Morrow was an accomplice witness as a matter of law and that, as there was no corroboration of his testimony, the facts are insufficient to support a conviction. In the alternative, it is insisted that if Morrow was not an accomplice witness as a matter of law the facts were sufficient to raise such relation as an issue for the jury's determination.

An "accomplice," as applied to evidence, means a person who, as principal, accomplice, or accessory, is connected with the crime by an unlawful act or omission on his part, transpiring either before, at the time of, or after the commission of the offense, and whether or not he was present and participated in the crime. Huntress v. State, 130 Tex. Cr. R. 492, 94 S. W. 2d 752; 18 Tex. Jur., Sec. 154, p. 252. A conviction cannot be had upon the uncorroborated testimony of an accomplice. Art. 718, C. C.P.

A determination of the questions presented calls for a construction of the so-called fondling statute and the relation of the witness to the offense charged, as shown by the testimony.

The fondling statute shows that the legislature was there creating, out of the general subject of offenses against morals, a new and independent offense touching conduct towards children under the age of fourteen years which the legislature found not to have been adequately covered by the then-existing statutes.

Two elements of the fondling statute appear as constituent elements of other crimes dealing with the general subject

matter of offenses against morals—that is, the required lascivious intent is also an element of the sodomy statute (Art. 524, P. C., as amended), while the fondling of a child's sexual parts is an act tending to "debase or injure morals . . . of a child," which is an element of "delinquency" as defined in the statute which prohibits contributing to the delinquency of a child (Art. 534a, Vernon's P. C.).

In determining the question of complicity as here presented, it becomes material to consult the decisions of this court upon that question in cases involving the crimes of sodomy, contributing to the delinquency of a child, and incest—all of which are listed in our penal code as offenses against morals.

The crime of incest makes carnal knowledge of one another unlawful for those persons who are by law prohibited from marrying. In such cases it has been the long and consistent holding of this court that where the female consents to the incestuous relation, she is an accomplice witness and her testimony must be corroborated. Authorities attesting the rule will be found collated under Sec. 507(7), Criminal Law, 11 Texas Digest, p. 729, and Art. 495, Vernon's P.C.

In Dodson v. State, 24 Tex. App. 514, 6 S. W. 548 (an incest case), the prosecuting witness who made no serious objection or resistance to the sexual relationship was held to be an accomplice witness. A reference to Sheppard's Citations shows that the Dodson case has been repeatedly followed. See, also, Wilson v. State, 147 Tex. Cr. R. 653, 184 S. W. 2d 141.

In Gallager v. State, 131 Tex. Cr. R. 254, 97 S. W. 2d 954, which was a conviction for contributing to the delinquency of a minor child, the conviction was reversed because of the failure to corroborate the testimony of the child who was held to be an accomplice witness. The facts upon which that conclusion was expressed are not set forth in the opinion. We have consulted the record in that case, however, and find that the facts there presented are very similar to the instant facts and show a fondling of the sex organ of a fourteen-year-old boy, to which act he registered no objection but willingly permitted.

In the early case of Medis, et al., v. State, 27 Tex. App. 194, 11 S. W. 112, a case of sodomy alleged to have been committed by the accused upon another person, it was the holding of this court that if the victim consented to the act of sodomy he was

an accomplice witness. The rule so announced has been repeatedly followed not only in this but also other jurisdictions. 48 Am. Jur., Sec. 7, p. 552; State v. Wilkins, 221 Mo. 444, 120 S. W. 22.

In Pipkin v. State, 154 Tex. Cr. R. 640, 230 S. W. 2d 221, under the authority of Medis, et al, v. State, supra, we held a fourteen-year-old boy to be an accomplice witness who made no protest to the act of sodomy. In reaching that conclusion we said, "It is not so much whether Schuster consented to the act as it is whether he objected thereto and was forced to submit to the act perpetrated upon him against his will."

Hinson v. State, 152 Tex. Cr. R. 159, 211 S. W. 2d 750, is deemed here directly in point upon the question before us. As shown by the facts stated in the opinion and supplemented by an independent examination of the record in that case, the prosecuting witness, a boy eleven years of age and in the fifth grade at school, made no protest to the act of sodomy by the accused in using his mouth upon the boy's sex organ. The boy made report of the incident to his mother and father upon arriving at home, but thereafter made contradictory statements to the policemen relative to the act of sodomy. Under such facts we held that the witness was an accomplice and that his testimony was therefore required to be corroborated.

Under the authorities discussed, it is apparent that, under the facts here presented, Morrow was an accomplice witness.

Such conclusion is also warranted upon the proposition that the witness Morrow knowingly and deliberately denied the truth of the facts to which he testified upon the trial of the case, thereby tending to make himself an accessory to the offense and an accomplice witness. Littles v. State, 111 Tex. Cr. R. 500, 14 S. W. 2d 853; McGoodwin v. State, 134 Tex. Cr. R. 231, 115 S. W. 2d 634; Welch v. State, 153 Tex. Cr. Rep. 416, 219 S. W. 2d 804. As evidencing such fact, the prosecuting witness testified that he knew that the act of appellant to which he had testified was wrong; that he denied such fact to his father when questioned; and that he continued his association and visits with the appellant thereafter.

We are constrained to agree that the proper interpretation to be given to such testimony is that, by denial of the incident, the witness not only intended to but actually did aid in preventing the arrest of the appellant.

We cannot escape the conclusion that the witness Morrow was an accomplice witness and that the conviction cannot be sustained upon his uncorroborated testimony.

The judgment is reversed and the cause remanded.

Opinion approved by the court.