## WILMER JAMES WINDHAM, JR. V. STATE

No. 27,938. February 1, 1956.

Appellant's Motion for Rehearing
Denied March 21, 1956.

*Baldwin & Goodwin,* Beaumont, for appellant.

*Henry Wade,* Criminal District Attorney, *Harvey Lindsay, Jerry F. Shivers, Charles S. Potts,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for sodomy; the punishment, twelve years in the penitentiary.

The prosecutrix, sixteen years of age, testified that she, her brother, mother, and the appellant (her father) were living together in their home on February 15, 1955, and during the absence of her mother and brother on that date, the appellant "made me have abnormal relations with him" by placing his penis in her mouth and told her that he would kill her and her mother if she ever told that he did it; and that appellant had had numerous sexual relations, both normal and abnormal, with her since she was eight or nine years of age which she had not reported because of his threats to kill her and her mother if she did. She further testified that on the night of February 26, 1955, when her mother refused to engage in an abnormal act with the appellant, he became angry, drew his knife which her mother slapped from his hand, and her brother, mother and herself left the house; and that she then first told her mother of the relations appellant had been having with her. Further, that they first reported this matter to the officers on February 28, 1955.

Appellant's written confession was introduced in evidence in which he admitted committing the act here charged sometime in February, 1955, and that he had had sexual intercourse with her about every two months during the four previous years.

Appellant, while testifying in his own behalf, denied committing the act here charged, and stated that he was drunk at the time of his arrest and did not recall making the statement introduced in evidence; and contended that this charge was filed because the prosecuting witness' mother wanted to get rid of him.

The court submitted the issue of whether Janice Ruth Windham, the prosecutrix, was an accomplice witness to the jury.

Appellant insists that the trial court erred in failing to charge the jury that Janice Ruth Windham was an accomplice witness as a matter of law.

In developing its case, the state called two witnesses, the first being the prosecuting witness, Janice Ruth Windham, and the other was Deputy Constable Roden, who testified that he took the written confession from the appellant which was introduced in evidence.

Janice Ruth Windham testified that appellant had told her from the time he began having sexual relations with her, when she was eight or nine years of age, that he would kill her and her mother if she told it; that he told her on February 15, 1955, the date of the act here charged, that he would kill them if she ever told that he did it; and that on February 26, 1955, she first told of appellant's relations with her after he attacked her mother for refusing to engage in an abnormal act with him.

Appellant, while testifying in his own behalf, denied in toto the commission of any sexual act with Janice Ruth and contended that this charge was a frame-up to get rid of him.

The record reveals that Janice Ruth, daughter of appellant, had been living in his home and was subject to his tutelage, guidance and supervision. Such relationship would naturally weaken her resistance to his advances more than if he were a stranger. The facts and circumstances herein shown surrounding such conduct during this period of time does not show that she consented or agreed to engage in such relations.

We conclude that under the record Janice Ruth is not shown to be an accomplice witness as a matter of law and that the court did not err in refusing to so charge the jury.

By Bill of Exception No. 1, appellant complains that the court erred in excluding the proffered testimony of the witness Lawrence W. Windham, brother of the appellant, as to a conversation he had with the prosecuting witness Janice Ruth Windham after the filing of the charge herein.

The bill as qualified shows that the witness, if permitted, would have testified that the prosecuting witness told him "she had told her mother about this matter of previous unnatural sex relations at some undisclosed time prior to the commission of the act relied upon in this case by the state."

The testimony of the brother was offered for impeachment purposes.

The court further qualified this bill and certified that "No proper predicate had been laid for the proposed impeachment of the witness sought to be contradicted."

In the light of appellant having offered the statement for

impeachment purposes and the qualifications of the court, which appellant accepted, we conclude that no error is shown.

Appellant insists that the court erred in overruling his objection to the failure of the court to charge the jury that the witness, Janice Ruth Windham, would be an accomplice witness unless she made serious, determined and positive resistance to the act in question.

Such an instruction would have been a comment on the weight of the evidence, hence improper. Art. 658, Vernon's Ann. C.C.P.; Wragg v. State, 65 Tex. Cr. R. 131, 145 S. W. 342; 12 Tex. Dig., Criminal Law, Key No. 763(6).

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant complains that our original opinion did not discuss and rule upon his complaint that the trial court omitted a charge on alibi.

The prosecutrix testified that the act of sodomy was committed upon her on February 15, 1955, in the home.

The testimony of appellant which he says raised the issue of alibi and entitled him to a charge thereon reads as follows:

"Q. Would you tell the jury the last two or three years you have been drinking pretty heavy? A. Yes, sir, I have been drinking heavily. - - -

"Q. Now, Mr. Windham, have you ever had anything immoral to do with your daughter? A. No, sir. - - -

"Q. Now, do you know the week of, previous to, let me have the dates of those indictments, 15th of February, were you at home about the 15th of February, or do you know? A. I couldn't say. I would have to look up here on the book. I couldn't say.

"Q. You don't know whether you were even at home or not? A. No, sir, I don't.

"Q. You heard your daughter testify that you were at home there with her by herself, and that you had her to commit the offense of sodomy, her on you, did that happen? A. No, sir."

Alibi is defined to be the presence in another place than that described. When an accused proves that he was at the time in question in a different place from that in which the crime was committed, he is said to prove an alibi.

If the evidence raises the issue that the defendant was at some other place at the time and could not therefore have committed the crime, a charge on the defense of alibi is called for.

An instruction as to alibi is not required when the defendant merely denies that he was at the place where the crime was committed, but does not offer affirmative evidence as to his presence elsewhere. Byas v. State, 41 Tex. Cr. R. 51, 51 S.W. 923; Rippey v. State, 86 Tex. Cr. R. 539, 219 S.W. 463.

But where the facts as tesified to by the defendant or other witnesses, if true, show that he was at another or different place than the scene of the crime, the issue is raised, it not being essential that the witness testify in so many words that he was at another and different place or to name such place. Padron v. State, 41 Tex. Cr. R. 548, 55 S. W. 827.

As we view the testimony above quoted, the issue was not raised, and the trial court did not err in declining to charge on the subject of alibi.

Appellant's motion for rehearing is overruled.