### WILLIAM HUGGINS V. STATE.

No. 30,752. May 27, 1959.
Motion for Rehearing Overruled June 27, 1959.

DAVIDSON, Judge, dissented.

*Neal Dancer* and *Luther E. Jones, Jr.,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is fondling; the punishment, eight years.

The thirteen-year-old girl named in the indictment testified that appellant placed his hand on her female sex organ while she was driving his car on the Saturday night after Halloween 1958; that it happened the first time at Rockport and she told him to leave her alone.

She was asked on cross-examination for how long appellant touched her and whether it was accidental or not, and she testified that it was intentional.

The girl also testified that appellant placed his hand on the privates of the third passenger in the car, a twelve-year-old girl, and that she "told him to leave her alone, and she bit him or something, and got out and told me to drive the rest of the way, and we stopped and let him drive."

She testified that on prior occasions appellant had been guilty of similar conduct.

Appellant testified in his own behalf and denied that he at any time intentionally placed his hand on the girl's sexual parts.

The trial court submitted to the jury the question of whether the thirteen-year-old girl consented to appellant's placing his hand against her vulva, and told the jury that if she did consent she would be an accomplice witness whose testimony would require corroboration.

Appellant's points of error are predicated upon the contention that the thirteen-year-old girl was an accomplice witness as a matter of law.

The state agrees that if the girl was an accomplice witness, there is not sufficient evidence to corroborate her testimony.

The evidence, both for the state and the appellant, shows that the two young girls, who were riding with appellant on the night in question, and others frequently went to appellant's bachelor quarters, and rode in his automobile.

Several lewd photographs were introduced in evidence, some taken by appellant, of the young girls, one showing the thirteen-year-old state's witness with her sexual parts exposed. This evidence was limited to the issue of whether the act charged was committed with lascivious intent.

The evidence shows that the young girls called appellant on the night in question and requested him to take them for a ride, and there is evidence that the thirteen-year-old girl asked to be allowed to take some of the lewd pictures shown in the record.

The foregoing facts, together with the absence of any showing that the girl witness reported appellant's conduct to her father, are relied upon by appellant as conclusively showing the girl's willing connection with appellant's act of fondling.

We do not agree. The evidence referred to raised the issue of whether the thirteen-year-old girl witness consented to appellant fondling her sexual parts and the issue was properly submitted to the jury.

When it is a question as to whether an inculpatory witness is an accomplice, it is proper to leave that issue to the jury under instructions defining the term "accomplice" and applying the law to the facts bearing on that issue. Branch's Ann. P.C. 2d Ed., Sec. 741.

The judgment is affirmed.

DAVIDSON, Judge, (dissenting).

The admitted acts and conduct on the part of the alleged injured party were such as to make her an accomplice witness as a matter of law. Hinson v. State, 152 Texas Cr. Rep. 159, 211 S.W. 2d 750; Pipkin v. State, 154 Texas Cr. Rep. 640, 230 S.W. 2d 221; Gottschalk v. State, 157 Texas Cr. Rep. 276, 248 S.W. 2d 473.

There being no corroboration of the testimony of the accomplice as to the guilt of the appellant, the facts are insufficient to support the conviction.

It must be remembered that the accomplice witness could not corroborate herself.

I respectfully dissent.