**David Marvin JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38153.**

Court of Criminal Appeals of Texas.

April 14, 1965.

Chappell & McFall, by John R. McFall, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is sodomy; the punishment, confinement in the state penitentiary for 15 years.

The state's case consisted of testimony adduced from Don Lees, who was shown to be 15 years of age at the time of the commission of the offense. This witness testified that an act of oral sodomy was committed on him by the appellant at a private residence in Lubbock, Texas, about two weeks before school was out "last year". The witness, Lees, was a student in junior high school at the time, and he was accompanied by the witness, Mike Hyman, to the home of appellant on the occasion when the act of sodomy was committed upon him. Lees' testimony reflects that he and Hyman arrived at appellant's house at approximately 11:00 A.M. and drank malt liquor from about 12:00 o'clock to 3:00 o'clock and that he then went into a bedroom "to lay down, I was tired". This witness further testified that appellant came into the room approximately five minutes later and that the witness Lees

was lying on the bed and that appellant came over and sat down on the bed and that the two of them looked at some books which apparently were pornographic in nature. The appellant thereafter fondled the sexual parts of Lees for approximately five minutes, and appellant then unzipped the pants of the witness, Lees. Lees testified that he tried to get up but that appellant pulled him back onto the bed and that the appellant thereafter took off the pants and underclothes of Lees, but Lees himself then took off his shoes. Lees testified that appellant then committed an act of oral sodomy upon him and that after said act was committed that he and appellant lay on the bed for approximately five minutes and Lees then dressed by himself and left the room and appellant came out of the room sometime later. Lees' testimony reflects that there was no force or threats exerted upon him either before, during or after the act of sodomy and that he had gone to appellant's house voluntarily on the date that the act was committed and that he had thereafter gone back to appellant's house some nine or ten times and had in fact on one occasion gone in a bedroom and retired while appellant was present in the house. Lees' testimony further reflects that on the occasion of the alleged act of sodomy there were other people present in the house but that the witness Lees did not complain to or inform any of the people in the house as to what happened in the bedroom and that he did not call for help nor make an outcry during the act, nor did he struggle with appellant, and he further testified that he knew what he had done was wrong. He did not report the act to anyone until approximately July 14, 1964, approximately two months after the occurrence. Lees testified that on July 14, 1964, he signed a voluntary statement for the juvenile officer of Lubbock County, Jim T. Brown. This statement is in evidence as an exhibit, and it reflects, along with Lees' testimony, that there is no mention of an act of sodomy having been committed upon Lees by appellant. Lees testi-

fied that he was drunk at the time the act was committed upon him. "I couldn't have done too much struggling", he related. He further stated that if he had wanted to get up he didn't know whether he could or not, "I couldn't say." Lees testified that if he had not been drunk he would not have allowed appellant to do that to him. Lees further testified that he remained at appellant's house around 1½ or 2 hours longer after the act of sodomy had been committed, and that he drank some more malt liquor. He and Hyman left appellant's house around 6:00 P.M.

The state also adduced testimony from Jeffrey Steven Turner and Mike Hyman, who testified to having been to appellant's house and drinking malt liquor but neither of them corroborated the testimony of the witness, Lees, as to the commission of the act of sodomy as alleged.

Appellant's able counsel urge that the trial court erred in not finding that the witness, Lees, was an accomplice witness as a matter of law. The state contends that under the facts of this case the witness, Lees, was not an accomplice as a matter of law, and the trial court properly left that fact issue for the jury's determination. It is the state's contention that the trial court properly submitted the issue to the jury as to whether or not Lees was an accomplice, and the state says that the jury's findings of guilt found that Lees was not an accomplice. Appellant relies upon Pipkin v. State, 154 Tex.Cr.R. 640, 230 S.W.2d 221; Gottschalk v. State, 157 Tex. Cr.R. 276, 248 S.W.2d 473; Hinson v. State, Tex.Cr.App., 211 S.W.2d 750; Gallager v. State, 131 Tex.Cr.R. 254, 97 S.W. 2d 954 and Medis v. State, 27 Tex.App. 194, 11 S.W. 112, to sustain his position. The state relies upon Huggins v. State, 168 Tex.Cr.R. 302, 325 S.W.2d 144 in support of its contention, and also upon Windham v. State, 162 Tex.Cr.R. 580, 288 S.W.2d 73. The state points out that Huggins, supra, was decided subsequent to Pipkin, supra, and the state assumes the

unique position that Huggins "implicitly overruled Pipkin." The state also points out that the rule in Slusser v. State, 155 Tex.Cr.R. 160, 232 S.W.2d 727, might be relied upon to distinguish Huggins from the instant case.

Now that we have before us all of the authorities relied upon and cited us by both parties, we shall address ourselves to these various cases in order to reach a proper disposition of this case.

In Pipkin v. State, a sodomy case from El Paso, Schuster, the 14 year old boy and a junior in high school testified that he said " 'Scoot down' and I scooted down" * * * The trial court there had the view that if Schuster did not consent to the act of sodomy he would not be an accomplice and a conviction could be had upon his uncorroborated testimony. The trial court instructed the jury if they believed Schuster consented to the act, they would acquit appellant. The state contended that the jury's finding of guilt in the face of such an instruction constitutes an express finding that Schuster did not consent to the act. This Court reversed the case, holding Schuster to be an accomplice, whose testimony was not corroborated. The Court said, speaking through Judge Davidson: "It is not so much whether Schuster consented to the act as it is whether he objected thereto and was forced to submit to the act perpetrated upon him against his will."

Gottschalk was a fondling case in which a 13 year old boy's sex organ was fondled by the appellant. The boy did not object nor resist nor report the incident until some 30 days after the arrest of the appellant. The trial court did not instruct the jury on an accomplice's testimony nor submit to them a fact issue to determine whether or not the boy was an accomplice. The case was reversed, it being apparent that the boy was an accomplice witness.

In Hinson's case, the prosecuting witness, an 11 year old boy in the fifth grade at school, made no protest to the act of sodomy by the accused in using his mouth upon the boy's sex organ. The boy made report of the incident to his mother and father upon arriving at home, but thereafter made contradictory statements to the policemen relative to the act of sodomy. Under such facts we held that the witness was an accomplice and that his testimony was therefore required to be corroborated.

In Gallager, which was a conviction for contributing to the delinquency of a minor child, the conviction was reversed because of the failure to corroborate the testimony of the child who was held to be an accomplice witness. The facts in that case reflect a fondling of the sex organ of a 14 year old boy, to which he registered no objection but willingly permitted.

In the early case of Medis, a case of sodomy alleged to have been committed by the accused upon another person, it was the holding of this Court that if the victim consented to the act of sodomy he was an accomplice witness.

In Huggins, a 46 year old man was charged with fondling a 13 year old girl by placing his hand upon her sex organ while she was driving his car. She told him to stop, to leave her alone. The evidence reflects that the girl was wearing blue jeans and they were not unzipped. The trial court submitted an instruction to the jury as to whether or not the girl was an accomplice, defining the term accomplice, and this court affirmed the judgment of the trial court.

In Windham, the prosecutrix was the 16 year old daughter of the appellant. She testified that her father made her have abnormal relations with him by placing his penis in her mouth and told her that he would kill her and her mother if she ever told that he did it. She had not reported this, or previous acts, because of his threats to kill her and her mother if she did. The trial court submitted the issue of whether the prosecutrix was an accomplice witness to the jury. This Court did express some dicta in the Windham case to the effect

that because of the daughter and father relationship and the parties lived in the same home, such relationship would naturally weaken her resistance to his advances more than if he was a stranger, it did not show that she consented or agreed to engage in such relations.

Although the state agrees that intoxication is mere mitigation and no defense, it urges in its brief that this Court should consider "the voluntary use of malt liquor by a 15 year old boy". The state then says in its brief that there is no doubt that he consented to the use of the malt liquor but that this consent does not imply consent to the act of sodomy but that if the drink lowered the complainant's resistance to such a degree as to materially alter his state of mind at the time of the act, and he was in no position to give or refuse his consent, then he could no longer qualify as an accomplice as that term has been defined. While there might be some merit to this Court taking such a proposition into consideration in disposing of some cases and in applying a different rule to 15 year old boys who have been drinking malt liquor on such occassions, we find it unnecessary to do so in this case. While we recited the facts sufficiently at the outset of this opinion, we did not set forth in detail some of the sordid facts adduced from the testimony of Don Lees. We do so here in order to alleviate any doubt as to Lees sobriety at the time of the commission of the act of sodomy. "Jackson started messing with me". The question was asked: "Was he messing with your private parts?" "Yes, sir". "Tell me what he did?" "He just gave me a blow job." "He just put his mouth over my private parts". "What happened after he put his mouth over your private parts?" "Well he just started going up and down". "Don, did you reach a climax?" "Yes, sir". "In his mouth?" "Yes, sir". "And then what

happened?" "And then he swallowed it." We express the view that Lees' clear and vivid recollection of the detailed events surrounding the commission of the offense and his testimony as to what transpired both during the act of sodomy and thereafter clearly convince us that he was not drunk nor under the influence of liquor at the time.

From the foregoing analysis of the various cases cited it is evident that the Huggins case stands alone so far as the facts are concerned. The act of fondling in that case took no time. The man just reached over and touched the vulva of the 13 year old girl. She had no time to remonstrate, other than as she did. The base sodomist apparently takes more time, at least he did in this case. We express the further view that a careful reading of the record in the Huggins case, viewing the entire testimony of the 13 year old prosecutrix, which is not apparent from the opinion in that case, leads to the inescapable conclusion that Judge Woodley there followed the rule that he announced in Slusser, though he did not express it in the opinion.

We think that the witness, Lees, was an accomplice witness as a matter of law and that the learned trial court fell into error in not so holding. Being an accomplice witness, it was necessary for his testimony to be corroborated. The testimony not being corroborated, it is insufficient to sustain the judgment.

Accordingly, the judgment is reversed and the cause remanded.

WOODLEY, Judge concurring.

I concur in the conclusion that the 15 year old boy was an accomplice witness and not merely a victim of the crime of sodomy upon him.