**Rodolfo JIMENEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41423.**

Court of Criminal Appeals of Texas.

July 17, 1968.

Rehearing Denied Oct. 16, 1968.

Moses Goldberg, Jack A. Efron, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is murder with malice; the punishment, 99 years.

The State waived seeking the death penalty, a jury was waived and the court decided the issue of guilt or innocence and set the punishment.

Appellant's grounds of error are that his conviction was based upon the uncorroborated evidence of an accomplice witness and that the evidence itself is insufficient to support the trial court's finding.

Since there was no jury charge we are not apprised of how the trial court viewed the question of the accompliceship of the respective state witnesses but we shall approach the question from the entire record. We find it unnecessary to adjudge the question of whether the witness Suarez was an accomplice. While he did participate in a minor way in a robbery committed shortly before the homicide in question by appellant and his brothers in the rest room of the lounge where the homicide occurred, it is not shown that he took part in the attempted robbery and murder which immediately fol-

lowed in which another victim was involved, which occurred in the public area of the lounge, and which is the basis of this prosecution.

 Regardless of Suarez's accompliceship, the witness Limon clearly was not an accomplice. He had no connection with the antecedent robbery nor did he participate in any way with the murder of Miles Lowery named in this indictment. Appellant's alert counsel asked Limon as well as other bystander witnesses if he had been granted immunity from prosecution as a reward for testifying. While Limon was not as alert as Sanchez, who answered the same question by saying that "there is nothing to give me immunity for, see", the answer to such a question could not in itself be determinative of his relationship to the crime. Limon came to the lounge with appellant and his brothers and others of a beer drinking group and left with some of them following the homicide; but there was no evidence that he had any prior knowledge that a robbery or murder was contemplated, that he participated in any way in the homicide or that he gave any aid to the offenders.[1]

The finding of the trial court may well have been bottomed upon Limon's testimony and that of the medical examiner. The dicta found in Barrara v. State, 42 Tex. 260, upon which appellant relies can have no application to the case at bar because in that case the witness requested immunity as a condition precedent to his testifying for the state and the Court addressed itself to this situation alone.

Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W.2d 473, also cited by appellant, misses the mark entirely because that was a case in which a minor permitted the accused to commit an abnormal sexual act upon him.

Finding the evidence abundantly ample to support the trial court's finding, the judgment is affirmed.

ONION, J., not participating.

1. "The Law of Principals, Accomplices and Accessories Under the Texas Statutes", 1 V.A. P.C. xiii.