**Cecil THOMPSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46853.**

Court of Criminal Appeals of Texas.

Nov. 14, 1973.

J. R. Davidson, Brownsville, for appellant.

Fred Galindo, Dist. Atty., and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for fondling of a male under fourteen years of age. Punishment was assessed by the jury at twelve (12) years.

Appellant's sole contention is that the court erred in refusing his requested instruction to the jury that the thirteen-year-old victim and the fourteen-year-old witness were accomplice witnesses as a matter of law.

The record reflects that brothers Mike, aged thirteen, and Terry, aged fourteen, first met appellant on May 28, 1972, when appellant employed the boys to cut weeds behind a garage where appellant worked. During the course of this work, appellant asked the boys if they would like to work for him during the summer vacation for fifty dollars ($50.00) a week. Appellant

explained to the brothers that the work would entail travel in Texas, Oklahoma and Kansas. Mike testified that he and Terry went to the garage where appellant worked after school on May 29; that shortly after they returned home appellant came to their house and took Terry with him to go to the bus station to pick up an automotive part. The following day, May 30, the brothers went to the garage after school, where they met appellant and agreed to help appellant wash his clothes that evening. When appellant came to their house that evening, he discussed the possibility of the boys working for him that summer with the boys' mother and step-father. The boys went with appellant to the laundromat, and shortly after their arrival, appellant asked Mike to accompany him to do some business. Mike left the laundromat with appellant, who drove to an isolated area in a park where appellant fondled Mike and committed an act of oral sodomy upon him. Terry testified that after going to the bus station with appellant on the night of May 29 appellant drove to a park and performed an act of oral sodomy upon him. Terry stated that after Mike and Terry returned to the laundromat on the night of May 30 appellant asked Mike to wash the last load of clothes and appellant asked him to go with him. Appellant drove to a street close to a school, where he committed an act of oral sodomy upon him.

The step-father of Mike and Terry testified that he called a person in Kansas on May 31 that appellant had given as a reference when he talked to him about the boys working for him during the summer. As a result of the telephone conversation, Mike and Terry were questioned regarding appellant, the authorities were contacted and appellant was arrested.

Mike testified that when appellant started rubbing him he asked to leave, that he did not want appellant to do anything to him, and that he was afraid of appellant because he had previously stated that he was a karate expert and had once killed two persons with his hands. Terry testified that he was afraid of appellant after having heard him tell about killing two men with his hands and that he submitted to appellant for this reason.

Trial in the instant case was upon an indictment alleging the act of oral sodomy and fondling upon Mike on May 30, 1972. At the close of the testimony, the State elected to proceed on the fondling allegation.

The evidence reflects that Terry was not present when Mike was fondled. In Carnathan v. State, 478 S.W.2d 490, this court quoted from McClanahan v. State, Tex.Cr. App., 394 S.W.2d 499, where it was stated:

"If a state's witness has no complicity in the offense for which an accused is on trial, his testimony is not that of an accomplice whatever may have been his complicity with the accused in the commission of the offense."

■ Clearly, Terry was not an accomplice witness.

■ Further, we cannot agree that Mike was an accomplice witness as a matter of law. He expressed fear of appellant and gave his reason therefor. When confronted by his parents the day after the act, he did not deny same.

The issue of whether Mike was an accomplice was submitted to the jury in the court's charge instructing the jury on law of accomplices. We find the evidence sufficient to sustain the jury's finding. See Huggins v. State, 168 Tex.Cr.R. 302, 325 S.W.2d 144; Jackson v. State, Tex.Cr.App., 388 S.W.2d 935; Gottschalk v. State, 157 Tex.Cr.R. 276, 248 S.W.2d 473; Pipkin v. State, 154 Tex.Cr.R. 640, 230 S.W.2d 221.

We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.