**Donald Wayne BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48357.**

Court of Criminal Appeals of Texas.

May 15, 1974.

Kerry P. Fitzgerald, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., George B. Shepherd, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for robbery wherein punishment was assessed at two hundred (200) years.

Theroy White and Homer Butts testified that at about 9 p. m. on August 31, 1972, two men, one of whom was appellant, entered the A & P Food Store where they were employed and robbed them of approximately $900. The indictment alleges Butts as the complaining witness.

Appellant contends in his single ground of error the court erred in refusing to submit an affirmative charge on alibi.

Appellant attempted to establish a general pattern of conduct through his testimony and that of his sister and mother to the effect that he came home every week night after work, and he argues that since neither he, nor they, remember him being out on August 31, 1972, he must have been at home.

Neither appellant, his sister nor his mother testified as to his precise whereabouts on the day and at the time of the crime in question.

Appellant testified as follows:

"Q Okay. Basically, your testimony is you really don't recall what you were doing on August the 31st, 1972?

"A No, not for sure."

Appellant's sister testified in a similar manner:

"Q Do you have any—later, directing your atention then to, say, the 31st

day of August in 1962 (sic) do you have any recollection of any specific way that you remember that day? Excuse me, '72?

"A No. No more than just a normal day.

"Q Would you remember whether it was a week day or a weekend type day?

"A It was—I looked at August 31st, and I know it was on Thursday.

"Q You know it was on a Thursday, but there's nothing outstanding particularly in your memory about that particular day?

"A No, Sir.

"Q Do you remember, specifically, where your brother was on that day?

"A He was usually working.

"Q But you don't remember specifically where he was on that particular day?

"A Just like any other day, every day; like I just got through telling you.

"Q Would you have any way to remember, say, the evening hours of the 31st day of August, 1972?

"A For Thursday, no."

Appellant's mother testified as follows:

"Q Do you remember the 31st day of August, 1972, specifically at all? Is there anything that stands out in your memory?

"A No, I just can't—I'm just sorry to say, I just sure can't."

The State's witnesses placed appellant at the scene of the crime at 9 p. m. on August 31, 1972, and appellant introduced no specific affirmative evidence establishing his presence at any other place at that time. Appellant's evidence established only a general pattern of conduct.

This court in Windham v. State, 162 Tex.Cr.R. 580, 288 S.W.2d 73 (1956), said:

"An instruction as to alibi is not required when the defendant merely denies that he was at the place where the crime was committed, but does not offer affirmative evidence as to his presence elsewhere. Byas v. State, 41 Tex.C.R. 51, 51 S.W. 923; Rippey v. State, 86 Tex.C.R. 539, 219 S.W. 463."

The issue of alibi was not raised by the evidence and the refusal to charge thereon was not error. Appellant's ground of error is overruled. Lee v. State, 454 S.W.2d 207 (Tex.Cr.App.1970); Washburn v. State, 167 Tex.Cr.R. 125, 318 S.W.2d 627 (1958); Rippey v. State, 86 Tex.Cr.R. 539, 219 S.W. 463 (1920); and Parker v. State, 40 Tex.Cr.R. 119, 49 S.W. 80 (1899).

We have also examined appellant's pro se brief and find it to be without merit.

The judgment is affirmed.

Opinion approved by the Court.