STAFFORD SANDERS v. THE STATE.

No. 18808. Delivered February 17, 1937.

The opinion states the case.

W. H. *Nunn* and Luke *Mankin,* both of Georgetown, for appellant.

Lloyd W. *Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of incest, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

Appellant's main contention is that the testimony is insufficient to sustain the conviction. The State's principal witness was the daughter of the appellant. She testified that during the time they lived on the Vester Montgomery farm in Williamson County she slept with her sister and her sister's baby in one bed while her father and mother slept in the same room in another bed; that one night appellant came to the bed where she, her sister, and her sister's baby were asleep and had an act of intercourse with her; that during the act she felt no pain; that she permitted him to do so because he threatened to whip her with a belt; that she did not say anything about it to

anyone for a long time; that at the time of the alleged incestuous act she was a few months past the age of fifteen years. On re-direct examination she was asked whether or not appellant had had any other act of intercourse with her prior to the one she told about and she replied, "Yes sir; I don't know how many."

Appellant, testifying in his own behalf, denied any incestuous relation with his daughter. His defensive theory was that the child had been induced to accuse him of said offense through fear of some white people who lived in Burnet County. These people had been charged with an assault to murder appellant and upon their trial, at which he was one of the main witnesses against them, they had actually been convicted.

Vester Montgomery testified that appellant and his family moved upon his farm about the 15th of March and remained there until about the 1st of August.

At the close of the testimony appellant moved the court to instruct the jury to return a verdict of not guilty on the ground that prosecutrix was an accomplice witness and her testimony had not been corroborated. The court declined to give such an instruction, whereupon appellant duly excepted.

We have reviewed this record with care, but have been unable to find any testimony which corroborates prosecutrix as to the alleged act of intercourse. It seems to be the well settled rule in this State that ordinarily the prosecutrix in an incest case is an accomplice and that her testimony needs to be corroborated as to the main fact sought to be established, unless her testimony brings her within an exception to the general rule when such means as force, threats, etc., are used to overcome resistance. The only testimony which might be said to take her testimony out of the general rule is that appellant threatened to whip her with a belt. However, there is not one word of testimony that she declined to engage in the alleged act of incestuous intercourse or that she resisted or protested. Since there was no protest or resistance to overcome, a resort to means calculated to overcome the same was unnecessary.

In the case of Masten v. State, 271 S. W., 920, this court said:

"The general statement of prosecutrix that accused had carnal knowledge of her without her consent, or that she resisted, or that it was through force, fear, or threats, must be considered in connection with her other testimony and all other facts in the case in determining whether or not her testimony given in behalf of the State is accomplice testimony; and, if

the proof shows that the act of intercourse alleged to be incestuous could not have occurred without her consent, or that she did not oppose it, she is an accomplice witness."

We are unable to understand how appellant in this case could have had an act of intercourse without her consent, surrounded as she was by her mother and her sister in the same room. Even a moderate effort to resist it seems would have aroused her entire family and brought them to her rescue.

In the case of Alexander v. State, 72 S. W. (2d) 1080, the prosecutrix and appellant were out at the barn some distance away from any member of the family. She said that she declined to engage in the act with appellant; that he told her he would blow her d— brains out, and that if she did not submit, she would be sorry for it. But in the case under consideration we have not one word of protest or any act of resistance on the part of the prosecutrix. We have, however, the further statement from prosecutrix that appellant had theretofore had incestuous relations with her, presumably with her consent, because there is not one word of testimony that she was forced or threatened by appellant into submission. In the case of Alexander v. State, supra, this court on a motion for rehearing said:

"If incestuous relations had been maintained between appellant and prosecutrix prior to the act upon which the prosecution is based, and upon another trial such facts should be shown, or from other developments in the evidence, it might become necessary for the court to instruct that prosecutrix was an accomplice witness as a matter of law."

We think the facts of this case under the authorities above cited bring the prosecutrix within the realm of an accomplice witness and the court should have so instructed the jury. See Bohannon v. State, 204 S. W., 1165; Dodson v. State, 24 Texas Crim. Rep., 514.

There are other questions raised as to the admission of certain testimony and the conduct of the district attorney, but the disposition we are making of this case makes it unnecessary for us to discuss them.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.