## LEWIS EZRA MOSS v. THE STATE.

No. 21425. Delivered February 19, 1941.

The opinion states the case.

*Syd Reagan, Robert C. Eckhart,* and *Robert S. Vance,* all of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of incest. The punishment assessed is confinement in the State penitentiary for a term of five years.

There are no bills of exception in the record. The only contention which appellant makes is that the evidence is insuffi-

cient to justify and sustain his conviction.

The prosecutrix testified that appellant was her father; that on or about the 1st day of June, 1939, she was seventeen years of age; that on the date mentioned she was living at home with her parents in Texarkana in Bowie County, Texas; that her father was engaged in the manufacture of photoengraving equipment and printing; that his office or place of business was on the same lot on which their home was situated and about fifty feet in the rear thereof; that there were three rooms in the building in which he conducted his business; that one of the large rooms was divided into three very small rooms. On the day in question the prosecutrix and Mildred Rawlinson were at appellant's place of business. About 2:30 P. M. appellant came into the room, put his arms around the neck of the prosecutrix, felt of her breast and all over her person, and then did the same to Mildred. He asked the prosecutrix to go into the middle room (which was a dark room) where he had an act of sexual intercourse with her. The prosecutrix testified that this was not the first act; that appellant had been having intercourse with her since she was ten years of age; that she first reported this matter on April 10, 1940, and married the following day.

The testimony of the prosecutrix shows that considerable ill feeling was aroused in her mind against appellant because he lectured her for playing hookey from school, staying out late at night and for keeping company with the young man with whom she was infatuated and whom she married; that on one or two occasions appellant had whipped her. By her own testimony, she made herself an accomplice and the trial court properly so instructed the jury. In order to sustain this conviction, the record must show that the testimony of the prosecutrix was corroborated upon the material incriminative facts. Now, let us pause here for a moment to analyze the corroborative testimony and see if it meets the requirements of the law. The only testimony offered by the State, in addition to that of the prosecutrix, is that of Mildred Rawlinson, who testified that she and the prosecutrix were at the appellant's place of business on the day in question; that while there she (Mildred) wrote on a typewriter while the prosecutrix cut papers which were to be used by the appellant in connection with his business; that during the day while they were so engaged appellant came into the office, put his arm around the neck of the prosecutrix and touched her breasts; that he also put his arm around the neck of the witness, Miss Rawlinson, and touched her breasts; that she took his hand and moved over a little to

one side. Appellant then talked like he had some pictures back in the adjoining room which he wanted the prosecutrix to help him fix and they went back into that room and remained for some ten or fifteen minutes while Miss Rawlinson remained in the office; that when the prosecutrix returned Miss Rawlinson left for the purpose of going home as it was getting late. The prosecutrix testified that on the following day she went to see a doctor but the doctor was not called to testify as to what he found, if anything, as a result of his examination of her. It is true that there is some testimony corroborating the prosecutrix as to where she was and what she and Miss Rawlinson were doing at the time that appellant came into the office; that he put his arm around her neck and touched her breasts; and that the prosecutrix, at the request of the appellant, went into the adjoining room ostensibly with the view of doing some work on pictures, but this testimony is not corroborative of any material incriminative facts. To justify a conviction upon the testimony of an accomplice, it must be corroborated as to material and not immaterial facts. In this respect the State's evidence fails to meet the requirements of the law.

In the case of McClure v. State, 89 Texas Cr. R. 407, the facts are in substance the same as those in the present instance and in that case Judge Lattimore held that the accomplice was not sufficiently corroborated to justify the conviction. See also Masten v. State, 109 Texas Cr. R. 596; Woolley v. State, 50 Texas Cr. R. 214; Bradshaw v. State, 82 Texas Cr. R. 351; Cottrell v. State, 91 Texas Cr. R. 506.

On the trial of this case the prosecutrix testified to other previous acts of intercourse with the appellant covering a period of seven years, but there is not a scintilla of evidence corroborating her as to any of the former acts. She never made any complaint of the appellant's alleged conduct until he sought to persuade her, and perhaps restrain her, from keeping company with the young man whom she married two days after the alleged occurrence, and not until she had declined the parental advice, abandoned the home and the family circle and had gone to the home of the appellant's personal enemy. If the appellant was guilty of the conduct attributed to him by the prosecutrix for the preceding seven years, she never divulged it until the day before her marriage. Just why she kept it concealed within her breast for these many years or what prompted her to disclose it on the eve of her marriage is not explained but is permitted to remain a mystery.

Inasmuch as we are reversing this case by reason of the

insufficiency of the evidence, we have set out the testimony more in detail and at greater length than we would otherwise have done.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.