JAMES B. WILSON V. THE STATE.

No. 22988. Delivered December 13, 1944.

The opinion states th case.

W. A. *Anderson*, of San Angelo, and *Murray J. Howze*, of Monahans, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The offense is incest; punishment, three years in the penitentiary.

Appellant was the stepfather of fifteen-year-old prosecutrix, having married her mother in 1938. They resided at Ballinger, Texas.

Appellant and his son, Alfred, obtained work at Kermit, in Winkler County. As a consequence, they went there and lived

in a one-room trailer house. Prosecutrix went along with them to do the housework and cooking. The wife and other children remained at Ballinger. Appellant and his son slept on the one bed in the room; prosecutrix slept on a "pallet" on the floor.

Appellant was employed as a "roughneck" in the oil fields and worked what was called the night "tour," that is, he worked from 4 o'clock in the afternoon until midnight. The son was employed at a business house and worked from 8 A. M. to 5 P. M.

Prosecutrix testified that on the morning of June 17, 1944,— which, as we understand, was two days after they arrived in Kermit—she and appellant engaged in an act of sexual intercourse.

In view of the question hereinafter discussed we deem it pertinent to set out portions of the testimony of the prosecutrix upon this issue, which are as follows:

"I was in Kermit on the 17th of June. Something unusual did occur at that time. On June 17 that morning, I was in bed with my stepfather. I had sexual intercourse with him that morning. * * * I reported the act four or five days later. I reported it to Mrs. Alice Brooks and she took me to the preacher. * * * I volunteered to go to Mrs. Brooks and tell her what happened. She went to the church with me. I went to this one neighborhood lady and she went to the church with me. After that the judge came and we went to the court house. It was Judge Salmon that came. I don't know whether he is the county judge or not. I told them the whole story. I didn't make an outcry when he performed this act on June 17th. I didn't because I was afraid of him. * * * This act of intercourse that took place on June 17th wasn't the first time my stepfather ever had intercourse with me. These acts have occurred over a period of nearly five years, occurring frequently. I continued to do this and not complain because I was afraid. * * * I never have had intercourse with anyone except the defendant."

A doctor who made a physical examination of prosecutrix on June 23, 1944, testified that at that time the privates of prosecutrix "had the appearance of a woman who had had considerable sexual experience."

The son who lived in the trailer house with them testified that at times only appellant and prosecutrix were in the trailer house together.

The foregoing is the testimony upon which the State relies for a conviction. Appellant denies the act and asserted that he had never been guilty of any misconduct or acts of sexual intercourse with prosecutrix.

In submitting the case to the jury the testimony of the prosecutrix was not treated as that of an accomplice witness as a matter of law. The jury were left to determine as an issue of fact whether she was an accomplice, and, in the event they so found, required that her testimony be corroborated in order to convict appellant.

No exceptions or objections were reserved to the charge, and no bills of exception are brought forward.

Appellant insists that under the facts prosecutrix was an accomplice as a matter of law, and there being no corroboration of prosecutrix' testimony, the facts are insufficient to support the verdict. Such is the sole question before us.

It becomes material to determine first whether the prosecutrix is an accomplice as a matter of law. It is the established rule that a female who consents to or voluntarily enters into intercourse is an accomplice. On the contrary, if the act is the result of force, threats, fraud or undue influence, she is not an accomplice. Authorities attesting the rule will be found collated in 23 Tex. Jur., Sec. 20, page 516, and Note 8 of Art. 718, Vernon's Ann. C. C. P.

The State insists that the testimony of the prosecutrix wherein she stated: (a) That the reason why she did not make an outcry when the act was performed was because she was afraid of appellant, and (b) that the reason why she continued over a period of five years to engage in acts of intercourse and not complain was because she was afraid of appellant, shows that the act of intercourse was the result of threats and not with her consent.

Note is taken of the fact that the first reference above mentioned relates to a reason for failure to make an outcry. The second reference relates to a reason for her prior conduct and failure to complain thereof. Appellant was being prosecuted for the act of June 17, 1944, and none other. So it can hardly be said that these statements on the part of prosecutrix have reference to or furnish a reason why she engaged in the incestuous intercourse relied upon by the State. Moreover, there

is an entire absence of any testimony showing or tending to show what appellant did or said that caused her to be afraid of him, and as a result of which she engaged in the acts of intercourse, and without and but for which she would not have done so. See Alexander v. State, 126 Tex. Cr. R. 625, 72 S. W. (2d) 1080.

From a reading of this entire record, we are unable to reach any other conclusion save and except that the act of intercourse about which prosecutrix testified was by and with her consent, and without the use of force, threats, fraud or undue influence by appellant We conclude that prosecutrix was an accomplice witness under the law.

The question remaining then is whether there is testimony corroborating the prosecutrix.

The crime of incest is composed of two essential elements, that is, the relationship, and the carnal knowledge. Kincaid v. State, 131 Tex. Cr. R. 101; 97 S. W. (2d) 175.

There is no dispute as to the relationship, that is, that prosecutrix was the step-daughter of appellant. Such fact was admitted by appellant.

The question before us then is whether the prosecutrix was corroborated as to the act of intercourse. The test of corroboration of testimony of an accomplice is whether there are facts and circumstances independent of the testimony of the accomplice which tend to connect the accused with the commission of the offense charged. Art. 718, Note 17, Vernon's Ann. C. C. P. To ascertain which the rule of exclusion is sometimes employed, that is, to lay aside the testimony of the accomplice, and examine the other testimony for facts or circumstances which tend to connect the accused with the crime charged. Graves v. State, 123 Tex. Cr. R. 226, 58 S. W. (2d) 122. Applying that rule here we find only: (a) That prosecutrix had engaged in acts of sexual intercourse with some male person; (b) that appellant had the opportunity and was shown to have been in position to have engaged in an act of intercourse with prosecutrix, and (c) prosecutrix was permitted without objection to testify that she told Mrs. Brooks and others the "whole story," meaning thereby that she told said parties that the appellant did have sexual intercourse with her at the time and place charged.

The first two of these facts do not meet the requirements; they only show that appellant had the opportunity of engaging in the act of intercourse with the prosecutrix. Mere opportunity to commit a crime does not tend to establish the fact of commission of that crime. Masten v. State, 6 S. W. (2d) 367. The third fact adverted to cannot be construed as furnishing corroboration of the prosecutrix, for to do so would authorize the accomplice by her own statements to corroborate herself, which can not be done. Hollingsworth v. State, 85 Tex. Cr. R. 248, 211 S. W. 454.

No other conclusion can be reached from this record save and except that the testimony of the prosecutrix has not been corroborated as required by law. In keeping with the conclusions here expressed, see: Sanders v. State, 102 S. W. (2d) 208; Trejo v. State, 117 S. W. (2d) 115; Moss v. State, 147 S. W. (2d) 1085.

Because the evidence is insufficient to sustain the conviction the judgment is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.