**Hubert D. WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38300.**

Court of Criminal Appeals of Texas.

June 2, 1965.

Rehearing Denied Oct. 13, 1965.

Doss Hardin (On Appeal), Fort Worth, for appellant.

Sam Cleveland, Dist. Atty., Stephenville, John R. Lindsey, Dist. Atty., Jacksboro, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is incest; the punishment, 10 years.

The indictment alleged the date of the offense as February 16, 1964. However, at the close of the case the State elected to go to the jury on an offense shown to have occurred about the last part of October or the first part of November, 1961, and the Court in his charge so instructed the jury.

The sole question presented is whether or not the prosecutrix is an accomplice as a matter of law. We have examined the cases cited by appellant and the State with care so that our disposition of this case will be as consistent with them as is humanly possible.

Prosecutrix was 19 years old at the time of the trial and was 16 on the date of the offense which was submitted to the jury. She testified that her first act of intercourse

with appellant, her father, occurred in August of 1958. Until the last part of October or the first part of November, 1961, these acts of intercourse continued two or three times a month without any protest or report from prosecutrix. On this last named occasion, prosecutrix, according to her testimony, protested and appellant beat her with his belt until she agreed to have an act of intercourse with him. The younger children were in the house, but prosecutrix made no outcry. This assault left marks on her legs, and when her mother asked her about them, she told her that she had injured herself in physical education class.

These acts continued without further protest or report until the fall of 1963. At that time prosecutrix began dating Earl Musick, who was not going to her school. At first appellant voiced no protest, but some two months later, appellant told her to stop seeing Earl, however, she kept on seeing him. According to the testimony of her sister, the appellant threatened to move the whole family to Dallas if she didn't "break up" with Earl, to which the prosecutrix replied, "I won't go". Prosecutrix testified that for some three or four years prior to February 16, 1964, she and appellant had been engaging in both natural and unnatural acts of intercourse, that on that date, she, her mother and her two sisters had planned to go to a drive-in theater, but that appellant protested saying that her next oldest sister had stayed home to look after the two youngest sisters the last time they had gone out and that it was her time to stay home. An argument ensued initially, but finally appellant agreed that all might go; however, the prosecutrix remained at home anyway. After her mother and two sisters left, prosecutrix drove her two younger sisters a mile to her grandmother's house, told her grandmother and her aunt that she was going for a drive, but returned immediately to her house and had both a natural and an unnatural act of intercourse with appellant. Finally, on February 24, she told her oldest sister about what had been occurring; on the following day she

told her mother, and they all went to live with her grandmother, her aunt and her uncle, where they were residing at the time of the trial. She estimated that she and appellant had engaged in 128 acts of intercourse over a period of five and one-half years before she ever told anyone about it, though she was with her mother every day and had relatives living in the same city.

Prosecutrix testified that she was 5′4″ tall and that during the two years prior to the trial her weight had varied from 115 to 130 pounds. She described appellant as being 5′10″ tall and weighing between 135 and 140 pounds.

Prosecutrix' sister testified that appellant had had opportunities to be with prosecutrix alone. This was the only evidence adduced in an effort to corroborate prosecutrix. If we find prosecutrix to be an accomplice, then this will not constitute sufficient evidence to corroborate her.

In appraising the above facts it is important to remember that on February 16, 1964, when she took her younger sisters to her grandmother's house, she had left appellant at home without an automobile and admitted on cross examination that if appellant had come after her, her grandmother and aunt would not have permitted him to take her away against her will, but instead of staying there, she told her grandmother and aunt a falsehood about where she was going and returned home where she immediately undressed and got in bed with appellant. While it is true that prosecutrix testified that she submitted to each act of intercourse after October 1961, because of threats made by appellant and because of her fear for herself and her mother, she actually told of two chastisements made upon her by appellant, the first in the fall of 1961 heretofore mentioned, and another in the fall of 1963, which resulted from appellant's displeasure concerning the conduct of the young people at a dance she was attending.

Prosecutrix' defiance to appellant's threat to move the family to Dallas reflects a temperament sufficiently strong-willed to resist her father's desires when she wished to do so. Other than the resistance which she offered prior to the alleged beating in 1961, there is no evidence that prosecutrix attempted to oppose her father's advances.

Judge Hawkins' reasoning in his concurring opinion in Alexander v. State, 126 Tex.Cr.R. 625, 72 S.W.2d 1080, is to the writer most compelling. He said that where repeated acts are shown, coupled with a delayed outcry, a prosecutrix of the same age as the one at bar would in his judgment be an accomplice as a matter of law.

In Wilson v. State, 147 Tex.Cr.R. 653, 184 S.W.2d 141, where the evidence showed that the prosecutrix had engaged in acts of intercourse with the accused over a period of five years without ever reporting the same to anyone and where the State contended that she had submitted through fear, this Court held that the threats were not sufficient to excuse the prosecutrix from making an outcry at the time of the commission of the offense relied upon by the State for conviction and were not sufficient to explain her failure to report the prior acts. Wilson is further authority for the rule that evidence which only shows that an accused had an opportunity to have an act of intercourse with the prosecutrix does not tend to establish the fact that intercourse actually took place and is insufficient to corroborate prosecutrix' testimony that it actually occurred.

In Moss v. State, 141 Tex.Cr.R. 193, 147 S.W.2d 1085, where only one act of intercourse was shown, this Court had occasion to discuss prosecutrix' testimony about appellant having whipped her and having lectured her about keeping company with a certain young man with whom she was infatuated and held that since prosecutrix waited almost a year to report the matter, she was an accomplice as a matter of law.

In Mercer v. State, 17 Tex.App. 452, this Court held that even though prosecutrix testified that she submitted to the acts of intercourse because of her fear of appellant, her failure to report the continued acts of intercourse, which began when she was 13 until she became pregnant some seven years later, made her an accomplice as a matter of law.

In Marchbanks v. State, 125 Tex.Cr.R. 436, 68 S.W.2d 1038, a case in which the first act of intercourse took place when prosecutrix was 14 years old and she testified that she had always done what her father told her to do and did not actively resist his advances and made no outcry which might have been heard by her mother in the house nearby and failed to report the many acts which followed over a long period of time until many years later, this Court held that she was an accomplice as a matter of law.

Masten v. State, 109 Tex.Cr.R. 596, 6 S.W.2d 367, and on retrial in 20 S.W.2d 780, and Trejo v. State, 135 Tex.Cr.R. 39, 117 S.W.2d 115, also support appellant's contention.

The only case cited in the State's brief as supporting the contention that prosecutrix was not an accomplice is Walker v. State, 166 Tex.Cr.R. 297, 312 S.W.2d 666. Walker was a sodomy case in which the accused was shown to have required his seven year old daughter to commit an act of sodomy upon him on one isolated occasion. There was no question in that case of repeated acts through the years without the prosecutrix reporting the same as we had in the cases above cited and in the case at bar.

Having reached the conclusion based upon the authorities cited, it becomes our duty to reverse this conviction.

The judgment is reversed and the cause is remanded.