**Travis Lee BOLIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48092.**

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

No appearance on appeal, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was convicted by a jury for incest. The jury assessed punishment at five (5) years.

The prosecutrix was the thirteen year-old daughter of appellant. She was the only witness to testify at the trial, and we must determine if she was an accomplice witness, requiring her testimony to be corroborated.[1]

The indictment alleged that appellant committed incest with the prosecutrix on or about the 18th day of February, 1973. The prosecutrix testified that on one of

---

1. We are not confronted with the sufficiency of the evidence to support a conviction for statutory rape where such testimony would need no corroboration. Cf. McKinney v. State, Tex.Cr.App., 505 S.W.2d 536; Uhl v. State, Tex.Cr.App., 479 S.W.2d 55; and Johnson v. State, Tex.Cr.App., 449 S.W.2d 65.

the last two Sundays in February, 1973 (February 18th or February 25th, 1973), at approximately 2:30 in the afternoon she asked the appellant if she and her brother and sisters could have hamburgers for dinner. Appellant answered, "Yeah, but you know what you have to do to get 'em." Appellant then gave his children the money to buy the hamburgers. After the hamburgers were eaten the prosecutrix's brother and sisters went outside and appellant called the prosecutrix into the bedroom of their home. Appellant asked the prosecutrix to take off her clothes and she complied. Appellant then took off his clothes and, according to the prosecutrix, "we had sex relations."

The prosecutrix testified that she had sex relations with appellant "about ever since I was ten." On those occasions appellant would hold out a reward "like money or hamburgers or money for groceries or the things the children would . . . want" in order to get the prosecutrix to have sex with him. Although appellant never threatened her or put her in fear of being spanked or punished if she did not have sex with him, she told him on more than one occasion that sex hurt her and she did not want to do it.

■ It is the established rule that a female who consents to or voluntarily enters into an incestuous intercourse is an accomplice witness. Conversely, if the act is the result of force, threats, fraud, or undue influence, she is not an accomplice witness. Wilson v. State, 147 Tex.Cr.R. 653, 184 S.W.2d 141 (1944). See Art. 38.14, Vernon's Ann.C.C.P. If such female is found to be an accomplice witness, then there must be other evidence tending to connect the accused with the offense. Art. 38.14, supra. If such corroboration is lacking, the evidence will be held insufficient to support the conviction. See Tindall v. State, 119 Tex.Cr.R. 153, 43 S.W.2d 1101 (1931).

■ There is no evidence to show that the prosecutrix was the victim of force, threats, or fraud. In the case of Freeman v. State, 11 Tex.App. 92, 40 Am.Rep. 787, a twelve year-old girl spent the night in an outhouse with her step-father, and testified that he had intercourse with her twice. She said that she did not want him to do this, and that it hurt her very much. The case was reversed for lack of a proper charge on accomplice testimony, the holding being tantamount to saying that, if there was no corroborative evidence, the conviction could not stand. In Mercer v. State, 17 Tex.App. 452, this Court held that, notwithstanding the daughter of appellant said she did not consent to the intercourse, the evidence showing that she made neither outcry nor resistance, although others were nearby, she was an accomplice.

■ There remains the question of whether the prosecutrix was the victim of "undue influence." In Tindall v. State, supra, the prosecutrix submitted upon two occasions to her father upon his promise to get her some new clothes. There the court held that such promise did not constitute undue influence, stating:

"It would be impossible to lay down any hard and fast definition of undue influence, which would hold good in all cases, and each case in which this question might arise must stand or fall on its own facts. To say that one who was offered money or property or gifts to submit—and who did submit only upon such inducement—was the victim of undue influence so as to remove her from the domain of an accomplice, would, in our judgment, go beyond what should be the rule in such cases. A woman whose consent to an act of intercourse is obtained by the payment or promise of money would ordinarily be held an accomplice. The prosecutrix in this case was nearly seventeen years old. She says she submitted on two occasions to her father upon his promise to get her some new clothes. We do not think a jury would be warranted in concluding, under these facts, that she was the victim of undue influence."

This appellant may be guilty of this heinous offense, but it would be, if anything, a worse offense to permit the conviction to stand unless it was obtained in conformity with law. In the record before us, we find no undue influence. The prosecutrix was an accomplice as a matter of law, and the conviction cannot be sustained in the absence of some testimony corroborating her claims. E. g., Wilson v. State, 147 Tex.Cr. R. 653, 184 S.W.2d 141; Moss v. State, 141 Tex.Cr.R. 193, 147 S.W.2d 1085; Trejo v. State, 135 Tex.Cr.R. 39, 117 S.W.2d 115; Sanders v. State, 132 Tex.Cr.R. 25, 102 S.W.2d 208.

The judgment is reversed and the cause remanded.