**Larry Earl DUBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–87–003–CR.**

Court of Appeals of Texas, Texarkana.

July 14, 1987.

Rehearing Denied July 23, 1987.

James P. Finstrom, Jefferson, for appellant.

Tony Hileman, Jefferson, for appellee.

BLEIL, Justice.

Larry Duby appeals his incest conviction. He complains that the only evidence against him is the testimony of an accomplice, which is not sufficiently corroborated; that the trial court erred in not instructing the jury on the law of accomplice testimony; and that the trial court erred in failing to properly define the offense of incest. We affirm the judgment of conviction.

The victim was Duby's fifteen-year-old daughter. On August 5, 1981, after she had gone to bed, Duby went to her bedroom. He fondled her and, although she asked him several times to stop, he had intercourse with her. During the offense, she tried to resist Duby and tried to push him away. She did not scream because he told her that if she did, "it would be the last time."

About three days later, Duby's daughter reported these events to Kathy Watson, a woman who was living in the house. Watson called the police. Duby's daughter related the events of August 5 to Marvin Golden, an employee of the Texas Department of Human Resources. He interviewed Duby regarding the incident. Golden testified that Duby told him that what the victim had said was correct, and that he wished at that time to exercise his rights to not make a written statement and to confer with an attorney.

Dr. John Lingold, a gynecologist, testified that he examined the victim on August 19, 1981. She told him that she was fifteen years old, and that she had been sexually abused by her father since she was six. She did not tell him when the most recent episode of this abuse had occurred. She also said that she had been intermittently sexually active with a boyfriend. Lingold said that her physical examination was consistent with someone who had had sexual relations.

Duby's wife, Marcy Duby, testified that she had stayed up most of the night of the offense and that Duby had slept on the living room sofa. She said that about 2:30 a.m. she had gone into the victim's room and at that time she was asleep. Marcy also said that the victim was upset the next morning.

Duby testified that he went to bed that night about 1:30 a.m. and did not get up again until 6:00 a.m. He denied his daughter's allegations. Duby also denied telling Golden that his daughter's allegations were true.

Duby urges that his daughter is an accomplice witness whose testimony requires

corroboration under Tex.Code Crim.Proc. Ann. art. 38.14 (Vernon 1979). He relies primarily on *Bolin v. State,* 505 S.W.2d 912 (Tex.Crim.App.1974), which holds that a female who consents to or voluntarily enters into an act of incestuous intercourse is an accomplice witness, although if the act is the result of force, threats, or fraud, she is not an accomplice. *See also Brown v. State,* 657 S.W.2d 117 (Tex.Crim.App.1983); *Trejo v. State,* 135 Tex.Cr.R. 39, 117 S.W.2d 115 (1938); *Sanders v. State,* 132 Tex.Cr.R. 25, 102 S.W.2d 208 (1937).

■ The victim is not an accomplice as a matter of law. There is no evidence that she acted voluntarily, and furthermore she could not have acted voluntarily, since as a minor she is incapable as a matter of law of giving consent. A person under the age of seventeen is legally incapable of giving consent to intercourse. Tex.Penal Code Ann. § 22.011(a)(2)(C) (Vernon Supp.1987).

Also, because the victim cannot be prosecuted for the offense with which Duby is charged, she is not an accomplice. An accomplice is one who has participated with another before, during, or after the commission of a crime; one who cannot be prosecuted for the offense that the accused is charged with committing is not an accomplice witness. *Carmona v. State,* 670 S.W.2d 695 (Tex.App.-Texarkana 1984), *aff'd,* 698 S.W.2d 100 (Tex.Crim.App.1985); *Harris v. State,* 645 S.W.2d 447 (Tex.Crim. App.1983); *Villarreal v. State,* 576 S.W.2d 51 (Tex.Crim.App.1978). With certain inapplicable exceptions, no person may be prosecuted for an offense he committed when younger than fifteen years of age. *Carmona,* 670 S.W.2d at 697; Tex.Penal Code Ann. § 8.07 (Vernon Supp.1987). Nor may any person younger than seventeen be prosecuted unless the juvenile court waives jurisdiction and certifies him for criminal prosecution pursuant to Tex.Fam.Code Ann. § 54.02 (Vernon 1986). The victim here is younger than seventeen and, under the evidence, she does not fit the criteria for prosecution as an adult.[1]

■ Because the victim is not an accomplice as a matter of law, her testimony would be sufficient to support the conviction even if it were uncorroborated. Tex. Code Crim.Proc.Ann. art. 38.14 (Vernon 1979). Here, however, the victim's testimony is corroborated by other evidence—not the least of which is Duby's admission to Golden that what the victim had reported to Golden was correct. The trial court did not err in failing to instruct the jury on the law of accomplice testimony.

Duby also contends that the trial court erred in failing to precisely track the language of the incest statute in the charge. The incest statute, Tex.Penal Code Ann. § 25.02 (Vernon 1974), provides that an individual commits an offense if he engages in sexual intercourse with a person he knows to be a descendant by blood or adoption. The charge as given omits the words "by blood or adoption," although it goes on to state that a daughter is a descendant.

■ Duby did not object to the charge at trial. Accordingly, Duby must show that error in the charge caused him "egregious

1. Tex.Fam.Code Ann. § 54.02(f) (Vernon 1986) provides:

In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available of the juvenile court.

harm." *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1984). Because the blood relationship between Duby and his daughter is undisputed and the charge is correct as it applies to the facts in the case, Duby suffered no egregious harm as a result of the charge as given.

We overrule Duby's points of error and affirm the trial court's judgment.