COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-041-CR
   
JACK MARION 
REID                                                              APPELLANT
  
V.
 
THE STATE OF 
TEXAS                                                                  STATE
   
------------
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
------------
MEMORANDUM OPINION[1]
------------
        Appellant 
Jack Marion Reid appeals his conviction for aggravated sexual assault and 
prohibited sexual conduct.  We will affirm.
        The 
parties are familiar with the facts, and the applicable law is well settled.
        In 
his first point, appellant contends that the trial court abused its discretion 
in admitting the opinion testimony of Ron Perrett because his testimony was not 
relevant, credible, or reliable as required by Texas Rules of Evidence 702 and 
703.
        We 
review the trial court’s ruling on the admissibility of Perrett’s testimony 
under an abuse of discretion standard.  See Prystash v. State, 3 
S.W.3d 522, 527 (Tex. Crim. App. 1999).  We consider the evidence that was 
before the trial court at the time the ruling was made.  Weatherred v. 
State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will uphold the 
trial court's ruling if it was within the zone of reasonable disagreement.  
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
        The 
proponent of expert testimony must prove by clear and convincing evidence that 
the testimony is reliable and relevant.  State v. Medrano, 127 
S.W.3d 781, 786 (Tex. Crim. App. 2004); Weatherred, 15 S.W.3d at 
542.  The reliability of soft science evidence,[2]  
like Perrett’s testimony, may be established by showing that the field of 
expertise involved is a legitimate one, the subject matter of the expert's 
testimony is within the scope of that field, and the expert's testimony properly 
relies upon or utilizes the principles involved in that field.  Medrano, 
127 S.W.3d at 785.  Expert testimony is relevant if scientific, technical, 
or other specialized knowledge will assist the trier of fact to understand the 
evidence or to determine a fact in issue.  Tex. R. Evid. 702.  To assist the 
trier of fact, expert testimony must be connected to the facts of the individual 
case.  Jordan v. State, 928 S.W.2d 550, 555 (Tex. Crim. App. 1996).
        The 
State established the reliability of Perrett’s testimony by showing that the 
study of sex offenders and their victims is a legitimate field of expertise, 
that grooming and victim outcries are within the scope of that field, and that 
Perrett properly relied upon or utilized the principles involved in that 
field.  See Medrano, 127 S.W.3d at 785.  Perrett’s testimony 
was relevant because it connected the facts of the case to behavior typically 
associated with sex offenders and their victims.  His examples of grooming 
behaviors were identical to those described by J.R., and his description of how 
a young victim becomes aware that she is being abused and eventually discloses 
the abuse mirrored the circumstances in this case.  We conclude that the 
trial court did not abuse its discretion in allowing Perrett’s 
testimony.  Accordingly, we overrule appellant’s first point.
        In 
his second point, appellant contends that the evidence is legally insufficient 
to sustain his conviction for aggravated sexual assault based on sexual 
intercourse and prohibited sexual conduct because the State failed to prove 
beyond a reasonable doubt that appellant committed the offense of prohibited 
sexual conduct within the limitation period.
        The 
State had to prove that appellant committed the offense of prohibited sexual 
conduct within three years[3] of the date the 
indictment was presented. Tex. Code Crim. Proc. Ann. art. 21.02(6) 
(Vernon 1989); Sledge v. State, 903 S.W.2d 105, 107 (Tex. App.—Fort 
Worth 1995), aff’d, 953 S.W.2d 253 (Tex. Crim. App. 1997).  Within 
the three-year period preceding the presentment of the indictment, J.R. lived 
with appellant for approximately seven months.  She testified that 
appellant abused her at least once a week during that time.  She said that 
vaginal intercourse was the most frequent form of abuse, followed by oral 
sex.  Therefore, the evidence showed that appellant committed the offense 
of prohibited sexual conduct approximately thirty times in the three-year period 
preceding the presentment of the indictment.  We hold that the evidence was 
legally sufficient to prove that appellant committed the offense of prohibited 
sexual conduct within the limitation period.  Accordingly, we overrule 
appellant’s second point.
        In 
his third point, appellant contends that the jury’s verdicts for aggravated 
sexual assault (vaginal intercourse) and prohibited sexual conduct are 
indefinite and uncertain and thus void and cannot support a judgment of guilt 
and cannot be sustained based upon the evidence.
        A 
verdict must be certain, consistent, and definite.  It may not be 
conditional, qualified, speculative, inconclusive, or ambiguous.  Clemons 
v. State, 676 S.W.2d 356, 357 (Tex. Crim. App. 1984).  Here, the jury 
charge required the jury to determine appellant’s guilt for each charge 
separately.  The jury found appellant guilty of each charge, and each 
finding is supported by the evidence.  Therefore, we hold that the jury’s 
verdict was certain, consistent, and definite.  Accordingly, we overrule 
appellant’s third point.
        In 
his fourth point, appellant contends that the evidence is legally and factually 
insufficient to sustain his conviction for prohibited sexual conduct because 
such a conviction may not be supported by the uncorroborated testimony of an 
accomplice witness.  A female who consents to or voluntarily enters into an 
incestuous sexual relationship is an accomplice witness.  Bolin v. State, 
505 S.W.2d 912, 913 (Tex. Crim. App. 1974).  J.R was not an accomplice 
witness because, as a person under the age of seventeen, she was legally 
incapable of giving consent to intercourse.  See Tex. Penal Code Ann. § 22.011(a)(2)(C) 
(Vernon Supp. 2004-05); Duby v. State, 735 S.W.2d 555, 557 (Tex. 
App.—Texarkana 1987, pet. ref’d).  Accordingly, we overrule 
appellant’s fourth point.
        Having 
overruled all of appellant’s points, we affirm the trial court’s judgment.
  
  
                                                                  PER 
CURIAM
 
 
 
PANEL A:   CAYCE, 
C.J.; HOLMAN and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: April 21, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Soft science evidence is based on the social sciences or fields that are based 
primarily upon experience and training as opposed to the scientific 
method.  See Medrano, 127 S.W.3d at 785.  The social sciences 
include psychology, economics, political science, anthropology, and 
sociology.  Weatherred, 15 S.W.3d at 542 n.5.
3.  
The statute of limitations for prohibited sexual conduct is three years.  Tex. Code Crim. Proc. Ann. art. 12.01 
(Vernon Supp. 2004-05).