Reid v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-041-CR

JACK MARION REID APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant Jack Marion Reid appeals his conviction for
 aggravated sexual assault and prohibited sexual conduct. 
 
We will affirm.

The parties are familiar with the facts, and the applicable law is well settled.

In his first point, 
appellant contends that the trial court abused its discretion in admitting the opinion testimony of Ron Perrett because his testimony was not relevant, credible, or reliable as required by Texas Rules of Evidence 702 and 703. 

We review the trial court’s ruling on the admissibility of Perrett’s testimony under an abuse of discretion standard.  
See Prystash v. State
, 3 S.W.3d 522, 527 (Tex. Crim. App. 1999).  We consider the evidence that was before the trial court at the time the ruling was made.  
Weatherred v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We will uphold the trial court's ruling if it was within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

The proponent of expert testimony must prove by clear and convincing evidence that the testimony is reliable and relevant.  
State v. Medrano
, 127 S.W.3d 781, 786 (Tex. Crim. App. 2004); 
Weatherred
, 15 S.W.3d at 542.  The reliability of soft science evidence,
(footnote: 2) like Perrett’s testimony, may be established by showing that the field of expertise involved is a legitimate one, the subject matter of the expert's testimony is within the scope of that field, and the expert's testimony properly relies upon or utilizes the principles involved in that field. 
 Medrano
, 127 S.W.3d at 785
.  Expert testimony is relevant if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue.  
Tex. R. Evid.
 702.  To assist the trier of fact, expert testimony must be connected to the facts of the individual case.  
Jordan v. State
,  928 S.W.2d 550, 555 (Tex. Crim. App. 1996).

The State established the reliability of Perrett’s testimony by showing that the study of sex offenders and their victims is a legitimate field of expertise, that grooming and victim outcries are within the scope of that field, and that Perrett properly relied upon or utilized the principles involved in that field.  
See Medrano
, 127 S.W.3d at 785.  Perrett’s testimony was relevant because it connected the facts of the case to behavior typically associated with sex offenders and their victims.  His examples of grooming behaviors were identical to those described by J.R., and his description of how a young victim becomes aware that she is being abused and eventually discloses the abuse mirrored the circumstances in this case.  We conclude that the trial court did not abuse its discretion in allowing Perrett’s testimony.  Accordingly, we overrule appellant’s first point.

In his second point, appellant contends that the evidence is legally insufficient to sustain his conviction for aggravated sexual assault based on sexual intercourse and prohibited sexual conduct because the State failed to prove beyond a reasonable doubt that appellant committed the offense of prohibited sexual conduct within the limitation period. 

The State had to prove that appellant committed the offense of prohibited sexual conduct within three years
(footnote: 3) 
of the date the indictment was presented. 
 Tex. Code Crim. Proc. Ann
. art. 21.02(6) (Vernon 1989); 
Sledge v. State
, 903 S.W.2d 105, 107 (Tex. App.—Fort Worth 1995), 
aff’d
, 953 S.W.2d 253 (Tex. Crim. App. 1997).  Within the three-year period preceding the presentment of the indictment, J.R. lived with appellant for approximately seven months.  She testified that appellant abused her at least once a week during that time.  She said that vaginal intercourse was the most frequent form of abuse, followed by oral sex.  Therefore, the evidence showed that appellant committed the offense of prohibited sexual conduct approximately thirty times in the three-year period preceding the presentment of the indictment.  We hold that the evidence was legally sufficient to prove that appellant committed the offense of prohibited sexual conduct within the limitation period.  Accordingly, we overrule appellant’s second point.

In his third point, appellant contends that the jury’s verdicts for aggravated sexual assault (vaginal intercourse) and prohibited sexual conduct are indefinite and uncertain and thus void and cannot support a judgment of guilt and cannot be sustained based upon the evidence. 

A verdict must be certain, consistent, and definite.  It may not be conditional, qualified, speculative, inconclusive, or ambiguous. 
 Clemons v. State
, 676 S.W.2d 356, 357 (Tex. Crim. App. 1984).  
Here, the jury charge required the jury to determine appellant’s guilt for each charge separately.  The jury found appellant guilty of each charge, and each finding is supported by the evidence.  Therefore, we hold that the jury’s verdict was certain, consistent, and definite.  Accordingly, we overrule appellant’s third point.

In his fourth point, appellant contends that the evidence is legally and factually insufficient to sustain his conviction for prohibited sexual conduct because such a conviction may not be supported by the uncorroborated testimony of an accomplice witness.  A female who consents to or voluntarily enters into an incestuous sexual relationship is an accomplice witness.  
Bolin v. State
, 505 S.W.2d 912, 913 (Tex. Crim. App. 1974).  J.R was not an accomplice witness because, as a person under the age of seventeen, she was

legally incapable of giving consent to intercourse.  
See
 
Tex. Penal Code Ann. 
§ 22.011(a)(2)(C) (Vernon Supp. 2004-05); 
Duby v. State
, 735 S.W.2d 555, 557 (Tex. App.—Texarkana 1987, pet. ref’d).  Accordingly, we overrule appellant’s fourth point.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 April 21, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Soft science evidence is based on the social sciences or fields that are based primarily upon experience and training as opposed to the scientific method.  
See Medrano
, 127 S.W.3d at 785.  The social sciences include psychology, economics, political science, anthropology, and sociology.  
Weatherred
, 15 S.W.3d at 542 n.5.

3:
The statute of limitations for prohibited sexual conduct is three years.  
Tex. Code Crim. Proc. Ann.
 art. 12.01 (Vernon Supp. 2004-05).