**Affirmed and Opinion Filed March 9, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01225-CR**

**WILSON AUGUSTO SANTOS PEREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1845703-U**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Partida-Kipness

A jury found Wilson Augusto Santos Perez guilty of the offense of continuous sexual abuse of a child, a first-degree felony. *See* TEX. PENAL CODE § 21.02(b),(h). The jury assessed Perez's punishment at twenty-eight years in prison. In a single issue, Perez challenges the sufficiency of the evidence to support the judgment of conviction. We affirm the judgment.

## BACKGROUND

Complainant S.L. had known Perez and his wife, Cornelia Santos, her whole life because Santos and S.L.'s mother had been best friends. Perez and Santos have

two daughters who are close in age to S.L. and friends with S.L. In 2018, S.L.'s family fell on hard times and moved from their apartment to a motel room. S.L. shared the motel room with her parents, her youngest brother, and their dog. The motel room was small, and S.L. did not like being there. So, her parents let her spend more time at the Perez home. S.L. began spending the night at the Perez home in April 2018. She testified that she preferred to stay with the Perez family because she always had fun with the daughters, Perez and Santos bought her things, and the family always went out and had fun.

S.L. could not pinpoint an exact date of when Perez first sexually assaulted her. She testified, however, that his advances began when he kissed her in the family's kitchen and later put his arm around her while the family was shopping at the mall. That escalated to Perez having sexual intercourse with S.L. at least twenty times between April 2018 and July 31, 2018. S.L. remembered one occasion when she, Perez, Santos, and their daughters were in Santos and Perez's bedroom watching a movie. Perez left the room, and Santos told S.L. to follow Perez. He took S.L. into his daughters' bedroom and had sex with S.L. on his daughter's bed. Afterward, S.L. joined Santos and the daughters in the bedroom to finish watching the movie. When Perez returned to the room, he sat behind S.L. on the bed and started touching her. This made S.L. uncomfortable.

Perez continued to sexually abuse S.L., and Santos was aware of the abuse. She and S.L. testified that they had a routine in which Santos would tell S.L. to go

take a shower, which meant that Perez was ready to have sex with her. The bathroom in the apartment had two doors: one into the hallway and one into Santos and Perez's bedroom. When Santos told S.L. to go take a shower, S.L. would go into the bathroom, lock the door to the hallway, turn on the shower, and go into Perez's bedroom through the second door. Santos and Perez told her to leave the water running in the shower so it would seem like she was in the shower. Sometimes Perez would be in the bedroom alone waiting to have sex with S.L. But other times Santos was in the bedroom too, and Perez would have sex with both S.L. and Santos. S.L. remembered one time when she went into the bedroom after her shower and saw that Santos and Perez were having sex. S.L. testified that while Perez was having sex with Santos he put his fingers on her vagina. Then when he finished having sex with Santos, Perez had sex with her. Santos and S.L. testified that when sexual encounters happened between all three of them, Santos would turn around and move to the side of the bed after Perez finished having sex with her, and she would stay there while Perez had sex with S.L.

Perez sometimes tried to have anal sex with S.L. He would first use his fingers and then insert his penis. That hurt S.L., and she did not like it. Perez told S.L. he would use something to make it hurt less, but it was still painful for S.L. Perez also liked S.L. to perform oral sex, but S.L. did not like that either. Once when Perez had sex with S.L. on the bathroom floor, he sprayed her mouth with the spray from a blue bottle and told S.L. the spray would make oral sex easier for her. The spray

made her throat numb, but she still did not like Perez's penis in her mouth and she threw up. Perez made her brush her teeth and then continued to have sex with her.

S.L. testified that Perez had sex with her at least twenty times while she was staying with the Perez family. S.L. was thirteen years old when Perez had sex with her. Santos testified that the first time something sexual in nature happened between Perez, her, and S.L. was in late April 2018 or early May 2018.

On July 31, 2018, S.L. told her parents that Perez had been having sex with her. S.L.'s father called the police and reported the abuse in the early morning hours of August 1, 2018. Detective Jeff Sanders of the Richardson Police Department told S.L.'s father that he wanted S.L. to have a medical exam at the REACH Clinic at Children's Health Medical Center Dallas. S.L. underwent a medical exam at the REACH clinic, which included swabbing S.L.'s vagina to search for male DNA. S.L. reported that her last sexual contact with Perez had been about 60 hours before her father called the police. Although this put the case at the outer time limits for obtaining DNA evidence, Detective Sanders ordered the tests because he thought there was still a possible chance of finding male DNA. No male DNA was obtained in the exam. Detective Sanders also asked S.L.'s father to take S.L. to the Dallas Children's Advocacy Center for a forensic interview, which he did.

After observing the forensic interview of S.L., Detective Sanders determined there had been a probable offense. S.L. said in the interview that all of the assaults had occurred in one specific apartment, sometimes in different rooms. She also

mentioned several specific items that Perez "had used on her." Those items included lubricant that she described as being in white and yellow bottles, kind of like Neosporin, and a blue-green liquid she said was like a throat-numbing spray or deep throat spray. Detective Sanders obtained a search warrant to search the apartment and to locate and seize the lubricant, throat numbing spray, and cell phones.

When executing the search warrant, detectives found KY Warming Liquid Lubricant in a plastic bedside drawer unit next to the bed and the throat numbing spray on the upper shelf in the bathroom cabinet. Detectives also found three types of male desensitizing products. Detective Sanders seized and impounded those items and five cell phones. He testified that S.L. had very accurately described the lubricant and throat spray seized during the search.

Perez was arrested and charged with continuous sexual abuse of a child under the age of fourteen. Santos was also arrested. She was charged with indecency with a child by exposure, aggravated sexual assault of a child, and sexual performance by a child / promoting sexual performance of a child under the age of fourteen. Santos entered a plea agreement with the State under which she would receive a sentence of eight years deferred probation on the charges against her if she testified truthfully against Perez.

A jury convicted Perez of continuous sexual abuse of a child under the age of fourteen and sentenced him to twenty-eight years confinement. This appeal followed. In a single issue, Perez argues the evidence is insufficient to support the

–5–

conviction because Santos's accomplice–witness testimony was not corroborated by other evidence as required by article 38.14 of the Texas Code of Criminal Procedure.

**STANDARD OF REVIEW**

We review the sufficiency of the evidence under the standard set out in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). We examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Matlock*, 392 S.W.3d at 667. A challenge of insufficient corroboration, however, is not the same as a challenge of insufficient evidence to support the verdict as a whole. *Cantelon v. State*, 85 S.W.3d 457, 460 (Tex. App.—Austin 2002, no pet.) (citing *Cathey v. State*, 992 S.W.2d 460, 462–63 (Tex. Crim. App. 1999)).

A conviction cannot rest on the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX. CODE CRIM. PROC. art. 38.14. Under this rule, the reviewing court eliminates all of the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Phifer v. State*, No. 05-18-01232-CR, 2020 WL 1149916, at *1 (Tex. App.—Dallas Mar. 10, 2020, pet. ref'd) (mem. op., not designated for publication) (citing *Castillo v. State*, 221 S.W.3d

689, 691 (Tex. Crim. App. 2007)). The corroborating evidence need not be sufficient by itself to establish guilt, rather there simply needs to be other evidence tending to connect the defendant to the offense. *Castillo*, 221 S.W.3d at 691. We look at the particular facts and circumstances of each case and consider the combined force of all the non-accomplice evidence that tends to connect the accused to the offense. *Medrano v. State*, 421 S.W.3d 869, 883 (Tex. App.—Dallas 2014, pet. ref'd). "Judicial experience shows that no precise rule can be formulated as to the amount of the evidence that is required to corroborate the testimony of an accomplice." *Id.* We view the corroborating evidence in the light most favorable to the jury's verdict. *Brown v. State*, 270 S.W.3d 564, 567 (Tex. Crim. App. 2008) (citing *Gill v. State*, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994)).

"If sufficient evidence exists which tends to connect appellant with the commission of the crime, the Court then reviews the legal sufficiency of the evidence by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Galloway v. State*, No. 73766, 2003 WL 1712559, at *2 (Tex. Crim. App. Jan. 29, 2003) (citing *Jackson*).

## ANALYSIS

In his sole issue on appeal, Perez maintains the evidence was insufficient to support the conviction. According to Perez, the conviction should be vacated because Santos was an accomplice witness and her testimony merely linked Perez

to the apartment where the offenses took place. He argues that without the accomplice testimony there is insufficient evidence tending to connect Perez with the offense. We agree Santos was an accomplice.[1] But we disagree the non-accomplice evidence is insufficient to support the judgment.

A person commits the offense of continuous sexual abuse of a child if, during a period that is thirty days or more in duration, "the person commits two or more acts of sexual abuse . . . and, at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age . . . ." TEX. PENAL CODE § 21.02(b).

It is well established that the testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. art. 38.07; *Garner v. State*, 523 S.W.3d 266, 271 (Tex. App.—Dallas 2017, no pet.). Corroboration of the child victim's testimony by medical or physical evidence is unnecessary. *Turner v. State*, 573 S.W.3d 455, 459 (Tex. App.—Amarillo 2019, no pet.).

Further, a child complainant's testimony is sufficient to connect the accused with the commission of the offense for purposes of a sufficiency challenge based on

---

[1] "To be considered an accomplice witness, the witness's participation with the defendant must have involved some affirmative act that promotes the commission of the offense with which the defendant is charged." *Druery v. State*, 225 S.W.3d 491, 498 (Tex. Crim. App. 2007). If the witness cannot be prosecuted for the defendant's charged offense, or a lesser-included offense of that charge, the witness is not an accomplice witness as a matter of law. *Id.* Here, Santos was charged with lesser-included offenses of the charge of continuous sexual abuse brought against Perez. Santos was, therefore, an accomplice witness.

the accomplice-witness rule. *See Arevalo v. State*, No. 05-11-00344-CR, 2012 WL 3668138, at \*3 (Tex. App.—Dallas Aug. 28, 2012, no pet.) (not designated for publication) (evidence sufficient under accomplice-witness rule where complainant identified appellant as her attacker, complainant's friend identified appellant as one of the kidnappers, and DNA evidence linked appellant to the crime); *see also Reid v. State*, No. 02-04-00041-CR, 2005 WL 914500, at \*2 (Tex. App.—Fort Worth Apr. 21, 2005, pet. ref'd) (mem. op., not designated for publication) (overruling appellant's accomplice-witness rule argument and holding that conviction for prohibited sexual conduct could stand on child complainant's uncorroborated testimony alone); *Duby v. State*, 735 S.W.2d 555, 557 (Tex. App.—Texarkana 1987, pet. ref'd) ("Because the victim is not an accomplice as a matter of law, her testimony would be sufficient to support the conviction even if it were uncorroborated.")

Here, S.L. testified that Perez had sexual intercourse with her twenty times, and she provided detailed descriptions of three of those assaults. S.L. was thirteen years old when the assaults occurred, Perez was over seventeen years old at the time of the events described, and the assaults took place between April 2018 and July 31, 2018. S.L.'s testimony was non-accomplice evidence sufficient to connect Perez with commission of the offenses. *See Arevalo*, 2012 WL 3668138, at \*3; *see also Reid*, 2005 WL 914500, at \*2; *Duby*, 735 S.W.2d at 557.

Although S.L.'s testimony did not require corroboration, the State presented corroborating evidence from other non-accomplice witnesses and physical evidence supporting S.L.'s testimony. S.L.'s mother testified that S.L. told her and S.L.'s father on July 31, 2018 that Perez had sexually assaulted her. Detective Sanders' testimony regarding what S.L. stated in the forensic interview about the sexual abuse was consistent with S.L.'s trial testimony. The detectives also found lubricant and throat spray that matched the description of those items provided by S.L. in the forensic interview. This testimony and evidence corroborates S.L.'s testimony. We conclude the non-accomplice evidence was sufficient to connect Perez with commission of the offense. *See Arevalo*, 2012 WL 3668138, at *3.

Having concluded the non-accomplice evidence was sufficient to connect Perez with commission of the offense, we now review the legal sufficiency of the evidence by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Galloway*, 2003 WL 1712559, at *2. Perez argues that the evidence was insufficient to support the verdict because the State's witnesses testified that the exam conducted at REACH revealed no physical injuries to S.L., a lack of injuries or trauma could indicate no sexual assault occurred, and there was no way of knowing for sure if S.L. was telling the truth or not. Perez maintains this evidence conflicted with S.L.'s testimony and, as such, renders the evidence insufficient to support the judgment. Perez also contends

the lubricants and throat spray seized at the apartment do not corroborate S.L.'s testimony because those items were found in plain view and, therefore, were items S.L. would have seen in the apartment when she stayed there. We disagree.

"Corroboration of a child victim's testimony by medical or physical evidence is unnecessary." *Jones v. State*, No. 05-19-01120-CR, 2020 WL 3097087, at *3 (Tex. App.—Dallas June 11, 2020, pet. ref'd) (mem. op., not designated for publication); *Turner*, 573 S.W.3d at 459. S.L.'s lack of physical injuries, therefore, does not render her testimony insufficient to support the judgment.

Moreover, as discussed above, the testimony of a victim alone, even if that victim is a child, is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. art. 38.07(a); *Garner*, 523 S.W.3d at 271. S.L.'s testimony is no exception. Her testimony that Perez sexually assaulted her twenty times and her description of the abuse was unequivocal, detailed, and sufficient to support the conviction. *See, e.g.*, *Rodriguez v. State*, No. 05-18-01448-CR, 2020 WL 881008, at *4 (Tex. App.—Dallas Feb. 24, 2020, no pet.) (mem. op., not designated for publication) (evidence legally sufficient where victim testified to facts of offense even though she was imprecise about times and dates and there was no corroborating evidence); *see also Denver v. State*, No. 05-14-00817-CR, 2016 WL 661034, at *6 (Tex. App.—Dallas Feb. 18, 2016, pet. ref'd) (mem. op., not designation for publication) ("The child's testimony was neither suspect nor inherently unconvicting [sic], and was alone sufficient to support appellant's convictions."). Indeed, by

–11–

returning a guilty verdict, we must infer that the jury believed S.L.'s testimony regarding Perez's sexual abuse. We defer to that determination. *See Jackson*, 443 U.S. at 318–19; *see also Rodriguez*, 2020 WL 881008, at *3.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact finder could have found, beyond a reasonable doubt, each element necessary to support the finding that Perez committed the offense of continuous sexual abuse of a child as charged in the indictment. *See Jackson*, 443 U.S. at 318–19; *see also* TEX. PENAL CODE § 21.02.

## CONCLUSION

We conclude the evidence was sufficient to support the conviction. Accordingly, we overrule Perez's sole issue and affirm the judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish.
TEX. R. APP. P. 47.2(b).
191225F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILSON AUGUSTO SANTOS
PEREZ, Appellant

No. 05-19-01225-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1845703-U.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 9th day of March, 2021.